**FILED**
**DISTRICT COURT OF GUAM**

SEP 2 5 2007 

**JEANNE G. QUINATA**
**Clerk of Court**

JOHN T. GORMAN
Federal Public Defender
District of Guam

RICHARD P. ARENS
Assistant Federal Public Defender
First Hawaiian Bank Building
400 Route 8, Suite 501
Mongmong, Guam 96910
Telephone:     (671) 472-7111
Facsimile:     (671) 472-7120

Attorney for Defendant
JESUS TAITANO SABLAN

## IN THE UNITED STATES DISTRICT COURT

## FOR THE TERRITORY OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR-07-00072 |
| | ) | |
| Plaintiff, | ) | MOTION TO DISMISS INDICTMENT |
| | ) | BASED ON DOCTRINE OF |
| vs. | ) | COLLATERAL ESTOPPEL; |
| | ) | CERTIFICATE OF SERVICE |
| JESUS TAITANO SABLAN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MOTION TO DISMISS INDICTMENT BASED ON DOCTRINE OF COLLATERAL ESTOPPEL

COMES NOW the defendant, JESUS TAITANO SABLAN, through counsel,

Richard P. Arens, Assistant Federal Public Defender, and moves this Honorable Court to dismiss

the indictment based on the doctrine of collateral estoppel. This motion is on the United States

Constitution's Fifth Amendment Double Jeopardy Clause and the attached Memorandum of

ORIGINAL

Law.

## MEMORANDUM OF LAW

### I. Statement of the Case

On February 2, 2007, a complaint was filed in the Superior Court of Guam charging Sablan with Possession of a Firearm Without an Identification Card (as a felony), Terrorizing (as a third degree felony) and Theft (as a petty misdemeanor). (Exhibit A, CF-0055-07). The firearm charge involved Sablan's possession of a firearm without a firearm identification card on October 31, 2006. The theft charge related to an unlawful taking of 2 twelve packs of beer from the Besta Mart, Barrigada. According the complaint, the theft also occurred on October 31, 2006.

On March 14, 2007, Sablan pled guilty to all three charges pursuant to a plea agreement consolidating CF-0055-07 and CM-883-06[1]. (Exhibit B). The plea agreement acknowledged that Sablan and the government intend the plea agreement to be a final sentence and a total and conclusive resolution of the charges described within the plea agreement. (Exhibit B, para 11). Sablan was sentenced on March 14, 2007 to 9 months imprisonment as a condition of probation. On April 30, 2007, a final judgment was filed in the Superior Court of Guam. (Exhibit C).

On August 8, 2007, an Indictment was filed in the District Court of Guam charging Sablan with Hobbs Act Robbery, and Using and Carrying a Firearm During a Crime of Violence.

---

[1]In CM-883-06, Sablan was charged with 2 counts of Criminal Mischief (as a misdemeanor), 1 count of Assault (as a misdemeanor), 1 count of Resisting Arrest (as a misdemeanor) and 1 count of Public Drunkenness (as a petty misdemeanor). Each count was alleged to have occured on October 13, 2006.

2

These charges stemmed from an alleged theft of beer at Besta Mart on October 31, 2006. (Exhibit D). Sablan contends that the government is now prohibited from re-litigating facts that were previously determined by the final and valid judgment in Superior Court case CF-55-07.

## II. Prosecution of Sablan is Barred by the Fifth Amendment's Double Jeopardy Clause.

The United States Supreme Court has recognized the application of collateral estoppel to criminal cases as an embodiment of the Fifth Amendment Double Jeopardy Clause. Ashe v. Swenson, 397 U.S. 436 (1970). The Court has defined collateral estoppel as follows:

> "Collateral Estoppel" is an awkward phrase, but it stands for an extremely important principle in our adversary system of justice. It means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.

Id. at 443.

While a state and the federal government, as dual sovereigns, could bring successive prosecutions for the same offense, Bartkus v. Illinois, 359 U.S. 121 (1959), double jeopardy would prevent the federal government and one of its territories from doing the same thing. United States v. Wheeler, 435 U.S. 313 (1978). Thus, collateral estoppel bars this prosecution.

In Ashe, six men who were playing poker were robbed and Ashe was tried for the robbery of one of the six men. 397 U.S. at 437. Ashe's identity as one of the armed robbers was the only disputed issue at trial. He was acquitted, but then subsequently tried and convicted for robbing one of the other poker players. Under a strict application of the double jeopardy clause, based on the "same-elements" or "same offense" test as set forth in United States v. Blockburger, 284 U.S. 299 (1932), the robbery of one victim would be considered a distinct offense from the robbery of

3

another.[2] However, the Supreme Court in <u>Ashe</u> held that the successive trial still violated the Fifth Amendment in that the second trial was barred by collateral estoppel. <u>Ashe</u>, 397 U.S. 445. Thus, while double jeopardy applies to retrial of offenses, collateral estoppel is analytically distinct since it applies to re-litigation of factual issues.

Based on the Supreme Court's definition of collateral estoppel, the Ninth Circuit Court of Appeals established the following three-part test for determining whether collateral estoppel applies:

> (1) An identification of the issues in the two actions for the purpose of determining whether the issues are sufficiently similar and sufficiently material in both actions to justify invoking the doctrine;
>
> (2) an examination of the record of the prior case to decide whether the issue was "litigated" in the first case; and
>
> (3) an examination of the record of the prior proceeding to ascertain whether the issue was necessarily decided in the first case.

<u>United States v. Romeo</u>, 114 F.3d 141(9th Cir. 1997).

**A. Issue Sufficiently Similar and Material**

Prosecution for the Hobbs Act Robbery necessarily requires proof that a theft of property occurred at the Besta Mart in Barrigada, on October 31, 2006. Additionally, prosecution for Using a Firearm During a Crime of violence requires proof that a firearm was used during the commission of the Hobbs Act Robbery. Not only are these factual issues sufficiently similar and material to the

---

[2]The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not. 284 U.S. at 304.

4

issues in the Superior Court case, they are identical.

### B. Issue Previously Litigated

The record is similarly clear that both issues presented in the District Court case were fully litigated in Superior Court case CF-55-07. The judgment in the Superior Court case specifically references Sablan's plea of guilty to possession of a firearm and theft as contained in the complaint filed in CF-55-07. The complaint alleges Sablan's possession of a firearm on October 31, 2006 and also alleges the theft from Besta Mart which occurred on the same day.

Sablan pled guilty to both charges on March 14, 2007 and was thereafter sentenced to 9 months imprisonment as condition of probation. Most importantly, Sablan and the government understood the sentence to be a final sentence and a total and conclusive resolution of the charges described in the plea.

### C. Issue Previously Determined

To obtain a conviction for Hobbs Act Robbery, the government must prove that Sablan committed a theft at the Besta Mart on October 31, 2006. To obtain a conviction for Using a Firearm During a Crime of Violence, the government must prove that Sablan used or carried a firearm during the Hobbs Act Robbery. That Sablan committed a theft at Besta Mart on October 31, 2006, is an issue which was previously determined at the time Sablan pled guilty in CF-55-07. That Sablan was in possession of a firearm on October 31, 2006 is an issue also decided in the Superior Court case.

## III. Conclusion

The October 31, 2006 theft from Besta Mart and Sablan's possession of a firearm have already been litigated and determined by a final and valid judgment in the Superior Court of

5

Guam. These issues of ultimate fact were essential to the guilty plea and judgment in CF-55-07. Based on the doctrine of collateral estoppel, this determination is conclusive in a subsequent action between the parties. Since Guam and the federal government share single sovereign status, the United States is prohibited from re-litigating the theft and firearm issue. Sablan respectfully requests that the court enter an order dismissing both charges in Criminal case No. 07-00072.

DATED: Mongmong, Guam, September 25, 2007.

RICHARD P. ARENS
Attorney for Defendant
JESUS TAITANO SABLAN

6

## CERTIFICATE OF SERVICE

I, RENATE A. DOEHL, hereby certify that a true and exact copy of the foregoing

document was filed with U.S. District Court and electronically served by the U.S. District Court

Clerk's Office to the following on September 25, 2007:

ROSETTA SAN NICOLAS
Assistant United States Attorney
Sirena Plaza
108 Hernan Cortez, Ste. 500
Hagatna, Guam 96910

Attorney for Plaintiff
UNITED STATES OF AMERICA

DATED: Mongmong, Guam, September 25, 2007.

RENATE A. DOEHL
Legal Secretary to

RICHARD P. ARENS
Attorney for Defendant
JESUS TAITANO SABLAN

FILED
SUPERIOR COURT
OF GUAM

2007 FEB -2 PM 4: 40

CLERK OF COURT

BY _____

5 **Office of the Attorney General**
Alicia G. Limtiaco
6 Attorney General of Guam
Prosecution Division
7 287 West O'Brien Drive
Hagåtña, Guam 96910 ● USA
8 (671) 475-3324 ● (671) 472-2493 (Fax)
www.guamattorneygeneral.com ● guamattorneygeneral@hotmail.com

9

Attorneys for the People of Guam

# IN THE SUPERIOR COURT OF GUAM
## HAGÅTÑA, GUAM

**CF 0055-07**

| | |
|---|---|
| THE PEOPLE OF GUAM | **CRIMINAL CASE NO. CF** |
| | GPD REPORT NO. 06-28473 |
| vs. | Charges: |
| JESSE TAITANO SABLAN, | 1. POSSESSION OF A FIREARM WITHOUT A FIREARM IDENTIFICATION CARD (As a Felony) |
| aka JESSE TAITANO BASALISO, DOB: 02-09-1987 | 2. TERRORIZING (As a 3rd Degree Felony) |
| Defendant. | 3. THEFT (As a Petty Misdemeanor) |

## ATTORNEY GENERAL'S INFORMATION

The Attorney General of Guam hereby accuses JESSE TAITANO SABLAN aka JESSE TAITANO BASALISO of certain crimes committed as follows:

### FIRST CHARGE

On or about the 31st day of October, 2006, in Guam, JESSE TAITANO SABLAN aka JESSE TAITANO BASALISO, knowingly owned, used, carried, acquired, and possessed a firearm, specifically, a .45 caliber handgun, at a time when he had not obtained an identification card, in violation of 10 GCA §§ 60106, 60114(a), and 60121(e).

### SECOND CHARGE

On or about the 31st day of October, 2006, in Guam, JESSE TAITANO SABLAN aka JESSE TAITANO BASALISO, did knowingly communicate a threat to another person, Jerad

1 Unchangco, to commit a crime of violence dangerous to human life against Jerad Unchangco, the

2 natural and probable consequence of such threat being to place Jerad Unchangco in reasonable fear

3 that the crime would be committed, in violation of 9 GCA §§ 19.60(a) and (b).

### THIRD CHARGE

5     On or about the 31st day of October, 2006, in Guam, JESSE TAITANO SABLAN aka

6 JESSE TAITANO BASALISO, did unlawfully take, obtain and exercise unlawful control over the

7 movable property of Besta Market, Barrigada, that is, 2 twelve packs of beer, with intent to deprive

8 Besta Market, Barrigada thereof, the amount involved being less than $50.00, in violation of 9 GCA

9 §§ 43.20(d) and 43.30(a), as amended.

10     Dated this __5th__ day of __January__, 200_7_.

11         OFFICE OF THE ATTORNEY GENERAL
        DOUGLAS B. MOYLAN, Attorney General of Guam

12

13

14         DIANNE H. CORBETT
        Assistant Attorney General, General Crimes Division

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit A


RECEIVED
4:39p~
FEB 2 2007
SUPERIOR COURT
OF GUAM
CLERKS OFFICE

FILED
SUPERIOR COURT

APR 20 PM 3: 31

ALFRED M. BORJAS
CLERK OF COURT
BY: _____

Office of the Attorney General
**Alicia G. Limtiaco**
Attorney General of Guam
**Prosecution Division**
287 West O'Brien Drive
Hagåtña, Guam 96910 ● USA
(671) 475-3324 ● (671) 472-2493 (Fax)
www.guamattorneygeneral.com ● guamattorneygeneral@hotmail.com

Attorneys for the People of Guam

# IN THE SUPERIOR COURT OF GUAM
## HAGÅTÑA, GUAM

**CF 0055-07**

| | | |
|---|---|---|
| THE PEOPLE OF GUAM, | ) | CRIMINAL CASE NO. CF _____ |
| | ) | GPD Report No. 06-28473 |
| Plaintiff | ) | CRIMINAL CASE NO. CM883-06 |
| vs. | ) | GPD Report No. 06-26579 |
| | ) | |
| JESSE TAITANO SABLAN, | ) | |
| aka JESSE TAITANO BASALISO, | ) | **PLEA AGREEMENT** |
| DOB: 02-09-1987 | ) | |
| | ) | |
| Defendant. | ) | |

Pursuant to Criminal Procedure Code § 60.80, the Defendant, **JESSE TAITANO SABLAN** aka **JESSE TAITANO BASALISO**, represented by the Alternate Pubic Defender through **ANA MARIA C. GAYLE, ESQ.** , and the People of Guam, represented by the Attorney General through **DIANNE H. CORBETT**, enter into the following plea agreement:

      1.      The Defendant, having been advised, understands the following:

a.      The nature of the charge and its elements to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

b.      The right to consult with and be represented by an attorney at every stage of these proceedings;

c.      The right to plead not guilty, the right to confront and cross-examine witnesses, and the right against self-incrimination;

Page 5
PLEA AGREEMENT - People v. JESSE TAITANO SABLAN aka JESSE TAITANO BASALISO
Superior Court of Guam Criminal Case No. CF _____ jbf:X:\Gen_Crime Division\Secretary\JULS-K\WAIVER\SABLAN-Jesse(DHC).wpd

Case 1:07-cr-00072     Document 16     Filed 09/25/2007     Page 10 of 25
ORIGINAL     Exhibit B

d.      That by pleading guilty to the charge the right to a jury trial is waived; and upon acceptance of the guilty plea by the court, Defendant stands convicted just as though convicted by a jury; and

e.      That if Defendant pleads guilty, the court may ask questions about the offense charged, and if Defendant answers these questions on the record, and in the presence of his attorney, the answers later may be used against him.

2.      Defendant voluntarily, and without coercion or promises apart from this plea agreement, agrees to waive indictment and preliminary hearing and enter a guilty plea to an information filed by the prosecutor containing the following charges:

a.      **POSSESSION OF A FIREARM WITHOUT AN IDENTIFICATION CARD (As a Felony)**, in violation of 10 G.C.A. §§60106, 60114(a), and 60121(e). Pursuant to 10 G.C.A. §60121(e), any person purchasing, possessing, using or carrying a firearm without an applicable identification card shall be guilty of a felony which shall be punishable for a term of imprisonment of not less than three (3) years and a fine of not less than One Thousand Dollars ($1,000);

b.      **TERRORIZING (As a 3rd Degree Felony)**, in violation of 9 G.C.A. §§19.60(a) and (b). Pursuant to 9 G.C.A. §§80.30 and 80.50, which carries a sentence of not more than three (3) year imprisonment and a maximum fine of five thousand Dollars ($5,000); and

c.      **THEFT (As a Petty Misdemeanor)**, in violation of 9 G.C.A. §§43.20(d) and 43.30(a), filed pursuant to 9 G.C.A. §§80.34 and 80.50, which carries a sentence of sixty (60) days imprisonment and a fine of five hundred dollars ($500.00).

The charge arises out of the incident described in the Guam Police Department Report No. 06-28473 and the People's Declaration of Probable Cause in support of the Magistrate's Complaint filed herein.

In CM883-06:

d.      **Count One of CRIMINAL MISCHIEF (As a Misdemeanor)**, in violation of 9 G.C.A. §34.50(c) and 34.60(c). Pursuant to 9 G.C.A. §34.60(c), which carries a minimum mandatory sentence of forty-eight (48) hours imprisonment and up to one

Page 6
PLEA AGREEMENT - People v. JESSE TAITANO SABLAN aka JESSE TAITANO BASALISO
Superior Court of Guam Criminal Case No. CF          jbf:X:\Gen. Crime Division\Secretary\JULS-K\WAIVER\SABLAN-Jesse(DHC).wpd

Case 1:07-cr-00072     Document 16     Filed 09/25/2007     Page 11 of 25

(1) year imprisonment, and a minimum mandatory fine of two hundred fifty dollars, ($250.00) for the first offense, and a minimum mandatory of one hundred eighty (180) hours but not to exceed three hundred sixty (360) hours of community service work; and

e.  **ASSAULT (As a Misdemeanor),** in violation of 9 G.C.A. §§19.30(a)(1). Pursuant to 9 GCA §§ 80.34 and 80.50, which carries a sentence of one (1) year and a fine of one thousand dollars ($1,000.00).

The charges arise out of the facts set forth in the Guam Police Report No. 06-26579 and the People's Declaration of Probable Cause in support of the Magistrate's complaint filed herein.

3.  Defendant understands and agrees he may be called upon to testify under oath about the factual details of these transactions at the taking of this guilty plea. The Defendant specifically agrees that he will verbally admit the factual circumstances underlying the offense at the time of the plea.

4.  The Attorney General and Defendant, in consideration for the Defendant's plea of guilty and cooperation, agree to the following:

a.  That Defendant shall pay a fine of one thousand dollars ($1,000.00), plus Court costs. All or part of the fine imposed may be converted to community service work under the direction of the Alternative Sentencing Office at a rate of $5.15 per hour;

b.  That Defendant shall be held liable for full restitution pursuant to 9 GCA § 80.50(e) to the victims, **Scandy Kintaro, Jerad Unchangco ,** and the business establishment of **Besta Market, Barrigada** and **Shell Service Station, NCS Dededo,** of his actions, in an amount to be determined by Court at a restitution hearing. Defendant shall pay said restitution in monthly installments to be arranged by the Adult Probation Office and shall pay it in full prior to the termination of his probation. However, in the event restitution is not paid by the expiration of probation, the obligation for restitution shall survive;

Page 7
PLEA AGREEMENT - People v. JESSE TAITANO SABLAN aka JESSE TAITANO BASALISO
Superior Court of Guam Criminal Case No. CF          jbf:X:\Gen. Crime Division\Secretary\UJLS-K\WAIVER\SABLAN-Jesse(DHC).wpd
Case 1:07-cr-00072     Document 16     Filed 09/25/2007     Page 12 of 25

c. That Defendant shall be placed on supervised probation for a period of three (3) years, during which time the following terms and condition of probation shall be imposed:

    i. Defendant shall serve NINE (9) MONTHS imprisonment, at the Department of Corrections, with credit for time served;

    ii. Defendant shall stay away from the business establishment of **Shell Service Station, NCS Dededo** and **Besta Market, Barrigada;**

    iii. Defendant shall stay away, directly and indirectly, from the victims, namely, **Jerad Unchangco** and **Scandy Kintaro** The Defendant shall not contact the same by telephone, in writing, or through a third party, including a family member or friend;

    iv. Defendant shall not come within five hundred (500) feet of **Jerad Unchangco** and **Scandy Kintaro;**

    v. Defendant shall stay away from the residence, dwelling, school, day care center, or place of employment of the victims, **Jerad Unchangco** and **Scandy Kintaro**, or any other specified place, and shall not come within five hundred (500) feet of the above specified places;

    vi. Defendant shall not attend any function and establishment, including family and social functions, if he knows or becomes aware that the victims, **Jerad Unchangco** and **Scandy Kintaro**, will be present. Upon becoming aware of the victim's presence, or planned presence, the Defendant shall immediately leave the function or establishment;

    vii. Defendant shall not harass, threaten, physically strike, or injure the victims, **Jerad Unchangco** and **Scandy Kintaro;**

    viii. Defendant shall perform two hundred (200) hours of community service work under the direction of the Adult Probation Office during the Defendant's three (3) years probation;

Page 8
PLEA AGREEMENT - People v. JESSE TAITANO SABLAN aka JESSE TAITANO BASALISO
Superior Court of Guam Criminal Case No. CF    jbf:X:\Gen. Crime Division\Secretary\JULS-K\WAIVER\SABLAN-Jesse(DHC).wpd
Case 1:07-cr-00072    Document 16    Filed 09/25/2007    Page 13 of 25

| | | |
|---|---|---|
| 1 | ix. | Defendant must attend and complete and pay the $200 tuition fee of |
| 2 | | an Alcohol Treatment Program as ordered by the court; |
| 3 | x. | Defendant shall attend and successfully complete theft prevention |
| 4 | | program recommended by the Court, and shall pay the fee for the |
| 5 | | program; |
| 6 | xi. | Defendant shall report to the Adult Probation Office once a month |
| 7 | | in person, or as ordered by the Adult Probation Office; |
| 8 | xii. | Defendant shall not possess or consume any alcoholic beverages, and |
| 9 | | shall not enter any establishments whose primary business is selling |
| 10 | | alcoholic beverages; |
| 11 | xiii. | Defendant shall not possess or consume any illegal controlled |
| 12 | | substances; |
| 13 | xiv. | Defendant shall stay away from all firearms, and is not to possess, |
| 14 | | carry, transfer, or use any firearms; |
| 15 | xv. | Defendant shall forfeit the firearm, the ammunition clip, and the |
| 16 | | rounds of ammunition confiscated in this case to the Guam Police |
| 17 | | Department for its use, sale, or destruction; |
| 18 | xvi. | Defendant shall forfeit his firearm identification card to the court and |
| 19 | | shall not reapply for another one; |
| 20 | xvii. | Defendant shall not live in a residence that has firearms; |
| 21 | xviii. | Defendant shall not apply for, possess, or own a firearm identification |
| 22 | | card; |
| 23 | xix. | Defendant shall submit to random alcohol and drug testing under the |
| 24 | | supervision of the Adult Probation Office; |
| 25 | xx. | Defendant shall permit the probation officers and law enforcement |
| 26 | | officers to search his person, residence, and vehicles for firearms, |
| 27 | | alcoholic beverages and illegal controlled substances at any time such |
| 28 | | |

Page 9
PLEA AGREEMENT - People v. JESSE TAITANO SABLAN aka JESSE TAITANO BASALISO
Superior Court of Guam Criminal Case No. CF          jbf:X:\Gen. Crime Division\Secretary\JULS-K\WAIVER\SABLAN-Jesse(DHC).wpd

Case 1:07-cr-00072     Document 16     Filed 09/25/2007     Page 14 of 25

a search is requested. Failure to allow such a search will be considered a violation of probation;

xxi. Defendant shall turn in his passport and/or other travel documents to the Clerk of Court;

xxii. Defendant shall not leave Guam without the approval of the court or Adult Probation Office, with prior notice being given to the Office of the Attorney General, General Crimes Division;

xxiii. Defendant shall obey all local and federal laws; and,

xxiv. Defendant shall comply with any other condition imposed by the court or the Adult Probation Office.

d. Failure of the Defendant to follow all of his conditions of probation will result in a hearing to revoke probation at which time the court may impose the maximum sentence allowable under the statute charged as specified in paragraph 2 of this agreement;

e. Should the Defendant complete the above conditions before the expiration of the three (3) years supervised probationary period, the Defendant will be placed on unsupervised probation for the remaining portion of Defendant's probation period;

f. Defendant shall report to the Adult Probation Service Office within forty-eight (48) hours of sentencing for intake and processing; and

g. Upon the Court's acceptance of Defendant's plea of guilty and sentencing of the Defendant in accordance with the terms of the plea agreement herein, the People will move to dismiss the remaining charges of **Count Two of CRIMINAL MISCHIEF (As a Misdemeanor), RESISTING ARREST (As a Misdemeanor),** and **PUBLIC DRUNKENNESS (As a Petty Misdemeanor),** as contained in **CM883-06;** and to dismiss Criminal Case No. **CF469-06** in it's entirety.

5. The parties hereto fully and completely understand and agree that it is the court's duty to impose sentence upon the Defendant, and that any sentence either stipulated to or recommended herein is not binding on the court. If after accepting this plea the court concludes

Page 10
PLEA AGREEMENT - People v. JESSE TAITANO SABLAN aka JESSE TAITANO BASALISO
Superior Court of Guam Criminal Case No. CF          jbf:X:\Gen. Crime Division\Secretary\JULS-K\WAIVER\SABLAN-Jesse(DHC).wpd

Case 1:07-cr-00072     Document 16     Filed 09/25/2007     Page 15 of 25

that any of the plea agreement's provisions regarding sentence or the terms and conditions of probation are inappropriate, it can reject the plea. If the court decides to reject the plea provisions regarding sentencing, it must give both the People and the Defendant an opportunity to withdraw from the plea agreement. In case this plea agreement is withdrawn, all original charges will automatically be reinstated.

6.     If the court decides to reject the plea agreement provisions regarding sentencing and neither the People nor the Defendant elects to withdraw the plea agreement, then any sentence either stipulated to or recommended herein in paragraph 4 is not binding upon the court, and the court is bound only by the sentencing limits set forth in paragraph 2 and the applicable statutes.

7.     Defendant stipulates and agrees that if given a fair opportunity to pay any fines and restitution ordered by the court, he will be able to do so. Defendant further understands and agrees that he has an obligation to pay any fine and restitution ordered by the Court and that this obligation survives the expiration of probation or parole and that expiration of probation or parole does not prevent collection of fines and restitution, pursuant to 9 GCA § 80.56.

8.     Defendant understands that he has a right to move for a reduction of his sentence within one hundred twenty (120) days of sentencing pursuant to 8 GCA § 120.46, and agrees to waive that right for the purpose of this plea.

9.     Defendant understands that he has a right to appeal his conviction in this case pursuant to 8 GCA §§ 130.10 and 130.15, and agrees to waive that right for the purpose of this plea.

10.    Defendant states he has told his lawyer all the facts and circumstances known about the charges. His lawyer has counseled and advised him on the nature of each charge as well as on any and all lesser included charges.

11.    Defendant and the government each intend this plea agreement and the sentence imposed be a final sentence and a total and conclusive resolution of the charges described within this plea agreement.

Page 11
PLEA AGREEMENT - People v. JESSE TAITANO SABLAN aka JESSE TAITANO BASALISO
Superior Court of Guam Criminal Case No. CF          jbf:X:\Gen. Crime Division\Secretary\JULS-K\WAIVER\SABLAN-Jesse(DHC).wpd
Case 1:07-cr-00072     Document 16     Filed 09/25/2007     Page 16 of 25

12. Defendant understands and agrees that this agreement shall not be binding on the People should the Defendant be charged with or commit a crime between the time of the offer or entrance of this agreement and the time for sentencing of this case.

13. By his signature, Defendant attests he has read this agreement and its provisions have been fully explained by his attorney. Defendant believes his lawyer has done all that anyone could do to counsel and assist him and is satisfied with the advice and help received.


JESSE TAITANO SABLAN
aka JESSE TAITANO BASALISO
Defendant
Dated: _____1 - 5 - 07_____

DIANNE H. CORBETT
Prosecuting Attorney

Dated: December 26, 2006


ANA MARIA C. GAYLE, ESQ.
Counsel for Defendant

Dated: _____1 - 5 - 07_____

After a hearing held on **MAR 1 4 2007** , 200__, and a finding that Defendant's plea of guilty of **POSSESSION OF A FIREARM WITHOUT A FIREARM IDENTIFICATION CARD (As a Felony), TERRORIZING (As a 3rd Degree Felony)** and, **THEFT (As a Petty Misdemeanor)**, is knowingly and voluntarily made, this court now accepts the plea agreement herein and his plea of guilty and adjudges Defendant guilty of **POSSESSION OF A FIREARM WITHOUT A FIREARM IDENTIFICATION CARD (As a Felony), TERRORIZING (As a 3rd Degree Felony)** and, **THEFT (As a Petty Misdemeanor)**. Sentencing shall take place on the _____ day of **MAR 1 4 2007** , 200__.


HONORABLE MICHAEL J. BORDALLO
JUDGE, SUPERIOR COURT OF GUAM

SEP 21 2007

Page 12
PLEA AGREEMENT - People v. JESSE TAITANO SABLAN aka JESSE TAITANO BASALISO
Superior Court of Guam Criminal Case No. CF        jbf:X:\Gen. Crime Division\Secretary\JULS-K\WAIVER\SABLAN-Jesse(DHC).wpd

Case 1:07-cr-00072     Document 16     Filed 09/25/2007     Page 17 of 25

1
2
3
4
5

**Office of the Attorney General**
**Alicia G. Limtiaco**
6   Attorney General of Guam
**Prosecution Division**
7   287 West O'Brien Drive
Hagåtña, Guam 96910 ● USA
8   (671) 475-3406/3324 ● (671) 477-3390 (Fax)
www.guamattorneygeneral.com

9
Attorneys for the People of Guam

10



11       **IN THE SUPERIOR COURT OF GUAM**
            **HAGÅTÑA, GUAM**
12

| | |
|---|---|
| THE PEOPLE OF GUAM | **CRIMINAL CASE NO. CF55-07** |
| | GPD Report No. 06-28473 |
| | **CRIMINAL CASE NO. CM883-06** |
| | GPD Report No. 06-26579 |
| VS. | |
| **JESSE TAITANO SABLAN,** | **J U D G M E N T** |
| (aka **JESSE TAITANO BASALISO**), | |
| DOB: 02-09-1987 | |
| Defendant. | |

19

20      On this 14th day of March, 2007, came the attorney for the People of Guam, Assistant

21   Attorney General **EDWARD C. HAN**, and the Defendant appeared with **ANA MARIA C.**

22   **GAYLE, ESQ.**, counsel, for a change of plea hearing, and the Defendant having moved to

23   change his plea of NOT GUILTY to that of GUILTY of the following offenses:

In **CF55-07**:

24

25      A.     **POSSESSION OF A FIREARM WITHOUT AN IDENTIFICATION**

26            **CARD (As a Felony)**, in violation of 10 G.C.A. §§60106, 60114(a), and

27            60121(e);

28

Page 1
JUDGMENT - People v. JESSE TAITANO SABLAN (aka JESSE TAITANO BASALISO)
Superior Court of Guam Criminal Case No. CF55-07 & CM883-06
jblas\C. Gen. Crime Division\Secretary\JULS-K\2007\JUDGMENTS\SABLAN-Jesse (CF55-07-CM883-06 & CF460-06).wpd

Case 1:07-cr-00072   Document 16   Filed 09/25/2007   Page 18 of 25

Exhibit C

B.  **TERRORIZING** (As a 3rd Degree Felony), in violation of 9 G.C.A. §§19.60(a) and (b); and

C.  **THEFT** (As a Petty Misdemeanor), in violation of 9 G.C.A. §§43.20(d) and 43.30(a).

In CM883-06:

D.  Count One of **CRIMINAL MISCHIEF** (As a Misdemeanor), in violation of 9 G.C.A. §34.50(c) and 34.60(c); and

E.  **ASSAULT** (As a Misdemeanor), in violation of 9 G.C.A. §§19.30(a)(1).

The Court informed the Defendant of the effect of the plea entered and asked him whether he insists on his plea or not.

The Defendant persisted on his plea of GUILTY of the following offenses:

In CF55-07:

A.  **POSSESSION OF A FIREARM WITHOUT AN IDENTIFICATION CARD** (As a Felony);

B.  **TERRORIZING** (As a 3rd Degree Felony); and

C.  **THEFT** (As a Petty Misdemeanor).

In CM883-06:

D.  Count One of **CRIMINAL MISCHIEF** (As a Misdemeanor); and

E.  **ASSAULT** (As a Misdemeanor), in violation of 9 G.C.A. §§19.30(a)(1).

The Court then addressed the Defendant personally and found that the plea is made voluntarily with an understanding of the nature of the charge and consequences of his plea. The Court further found to its satisfaction that there is a factual basis for the plea.

The Court accepts Defendant's plea of GUILTY and based on his plea, a JUDGMENT of GUILTY is hereby entered. Sentencing was held on the 14th day of March, 2007. Present at the sentencing were Assistant Attorney General **EDWARD C. HAN** for the People, Defendant and Defendant's counsel, **ANA MARIA C. GAYLE, ESQ.**

Page 2
JUDGMENT - People v. JESSE TAITANO SABLAN (aka JESSE TAITANO BABALISO)
Superior Court of Guam Criminal Case No. CF55-07 & CM883-06
Jud.Law.Gen: Crime Division Secretary\JULS-K\2007\JUDGMENTS\SABLAN, Jesse [CF55-07-CM883-06 & CF469-06].wpd

Case 1:07-cr-00039     Document 16     Filed 09/25/2007     Page 19 of 25

**WHEREFORE, IT IS HEREBY ORDERED** that the Defendant, JESSE TAITANO SABLAN (aka JESSE TAITANO BASALISO), is hereby sentenced as follows:

A. That Defendant shall pay a fine of one thousand dollars ($1,000.00), plus Court costs. All or part of the fine imposed may be converted to community service work under the direction of the Alternative Sentencing Office at a rate of $5.15 per hour;

B. That Defendant shall be held liable for full restitution pursuant to 9 GCA § 80.50(e) to the victims, Scandy Kintaro, Jerad Unchangeo, and the business establishment of Besta Market, Barrigada and Shell Service Station, NCS Dededo, of his actions, in an amount to be determined by Court at a restitution hearing. Defendant shall pay said restitution in monthly installments to be arranged by the Adult Probation Office and shall pay it in full prior to the termination of his probation. However, in the event restitution is not paid by the expiration of probation, the obligation for restitution shall survive;

C. That Defendant shall be placed on supervised probation for a period of three (3) years, during which time the following terms and condition of probation shall be imposed:

 1. Defendant shall serve NINE (9) MONTHS imprisonment, at the Department of Corrections, with credit for time served;

 2. Defendant shall stay away from the business establishment of **Shell Service Station, NCS Dededo** and **Besta Market, Barrigada**;

 3. Defendant shall stay away, directly and indirectly, from the victims, namely, **Jerad Unchangeo and Scandy Kintaro** The Defendant shall not contact the same by telephone, in writing, or through a third party, including a family member or friend;

 4. Defendant shall not come within five hundred (500) feet of **Jerad Unchangeo and Scandy Kintaro**;

Page 3
JUDGMENT - People v. JESSE TAITANO SABLAN (aka JESSE TAITANO BASALISO)
Superior Court of Guam Criminal Case No. CF55-07 & CM883-06
J:\MGR.USA\Crim Division\Secretary\FILES\2007\JUDGMENTS\SABLAN-Jesse (CF55-07-CM883-06 & CF469-06).wpd

Case 1:07-cv-00016 Document 16 Filed 09/25/2007 Page 20 of 25

5.      Defendant shall stay away from the residence, dwelling, school, day care center, or place of employment of the victims, **Jerad Unchangco** and **Scandy Kintaro**, or any other specified place, and shall not come within five hundred (500) feet of the above specified places;

6.      Defendant shall not attend any function and establishment, including family and social functions, if he knows or becomes aware that the victims, **Jerad Unchangco and Scandy Kintaro**, will be present. Upon becoming aware of the victim's presence, or planned presence, the Defendant shall immediately leave the function or establishment;

7.      Defendant shall not harass, threaten, physically strike, or injure the victims, **Jerad Unchangco and Scandy Kintaro**;

8.      Defendant shall perform two hundred (200) hours of community service work under the direction of the Adult Probation Office during the Defendant's three (3) years probation;

9.      Defendant must attend and complete and pay the $200 tuition fee of an Alcohol Treatment Program as ordered by the court;

10.    Defendant shall attend and successfully complete theft prevention program recommended by the Court, and shall pay the fee for the program;

11.    Defendant shall report to the Adult Probation Office once a month in person, or as ordered by the Adult Probation Office;

12.    Defendant shall not possess or consume any alcoholic beverages, and shall not enter any establishments whose primary business is selling alcoholic beverages;

13.    Defendant shall not possess or consume any illegal controlled substances;

14.    Defendant shall stay away from all firearms, and is not to possess, carry, transfer, or use any firearms;

Page 4
JUDGMENT - People v. **JESSE TAITANO SABLAN** (aka **JESSE TAITANO BASALISO**)
Superior Court of Guam Criminal Case No CF35-07 & CM881-06
Case 1:07-cr-00039   Document 16    Filed 09/25/2007    Page 21 of 25
jblat:X:\Gen. Crime Division\Secretary\JULS-K\2007\JUDGMENTS\SABLAN, Jesse (CF35-07-CM881-06 & CF369-06)

15. Defendant shall forfeit the firearm, the ammunition clip, and the rounds of ammunition confiscated in this case to the Guam Police Department for its use, sale, or destruction;

16. Defendant shall forfeit his firearm identification card to the court and shall not reapply for another one;

17. Defendant shall not live in a residence that has firearms;

18. Defendant shall not apply for, possess, or own a firearm identification card;

19. Defendant shall submit to random alcohol and drug testing under the supervision of the Adult Probation Office;

20. Defendant shall permit the probation officers and law enforcement officers to search his person, residence, and vehicles for firearms, alcoholic beverages and illegal controlled substances at any time such a search is requested. Failure to allow such a search will be considered a violation of probation;

21. Defendant shall turn in his passport and/or other travel documents to the Clerk of Court;

22. Defendant shall not leave Guam without the approval of the court or Adult Probation Office, with prior notice being given to the Office of the Attorney General, Prosecution Division;

23. Defendant shall obey all local and federal laws; and,

24. Defendant shall comply with any other condition imposed by the court or the Adult Probation Office.

D. Failure of the Defendant to follow all of his conditions of probation will result in a hearing to revoke probation at which time the court may impose the maximum sentence allowable under the statute charged as specified in paragraph 2 of the agreement;

E. Should the Defendant complete the above conditions before the expiration of the three (3) years supervised probationary period, the Defendant will be placed on unsupervised probation for the remaining portion of Defendant's probation period;

Page 5
JUDGMENT - People v. JESSE TAITANO SABLAN (aka JESSE TAITANO BASALISO)
Superior Court of Guam Criminal Case No. CF55-07 & CM883-06
C:\REX\Gen\Crime Division\Secretary\JULS-2K2007\JUDGMENTS\SABLAN-Jesse [CF55-07-CM883-06 & CF469-06].wpd

Case 1:07-cr-00119    Document 16    Filed 09/25/2007    Page 22 of 25

F.   Defendant shall report to the Adult Probation Service Office within forty-eight (48) hours of sentencing for intake and processing; and

G.   Pursuant to the Plea Agreement, the Court hereby dismisses the remaining charges of **Count Two of CRIMINAL MISCHIEF (As a Misdemeanor)**, **RESISTING ARREST (As a Misdemeanor)**, and **PUBLIC DRUNKENNESS (As a Petty Misdemeanor)**, as contained in CM883-06; and to dismiss Criminal Case No. CF469-06 in it's entirety.

A hearing for **RESTITUTION** will be held on the June 5, 2007, at 11:00 a.m.

**SO ORDERED, *NUNC PRO TUNC***, on the 14th day of March, 2007, this _____ day of APR 3 0 2007        , 2007.

Original Signed By:
HON. ARTHUR R. BARCINAS

**HONORABLE ARTHUR R. BARCINAS**
JUDGE, SUPERIOR COURT OF GUAM

APR 3 0 2007

Submitted by:                              Approved as to form:

Evelyn B. Bonto
Deputy Clerk Superior Court of Guam

Edw C. C.                                  Anamaria Cayle

**EDWARD C. HAN**                          **ANA MARIA C. GAYLE, ESQ**
Assistant Attorney General                 Attorney for Defendant

Dated: April 17, 2007                      Dated: 4/19/07

Page 6
JUDGMENT - People v. JESSE TAITANO SABLAN (aka JESSE TAITANO BASALISO)
Superior Court of Guam Criminal Case No. CF55-07 & CM883-06
Judge: X:\Gen. Crime Division\Secretary\UDLS-KV007\JUDGMENTS\SABLAN-Jesse [CF55-07-CM883-06 & CF469-06].wpd

Case 1:07 Document 16   Filed 09/25/2007   Page 23 of 25



jesussablanind

LEONARDO M. RAPADAS
United States Attorney
ROSETTA L. SAN NICOLAS
Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagåtña, Guam 96910
PHONE: (671) 472-7332
FAX: (671) 472-7334

**FILED**
DISTRICT COURT OF GUAM

AUG 0 8 2007

**JEANNE G. QUINATA**
**Clerk of Court**

Attorneys for the United States of America

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CRIMINAL CASE **07 - 00072** |
| Plaintiff, | ) |
| | ) **INDICTMENT** |
| | ) HOBBS ACT ROBBERY |
| vs. | ) [18 U.S.C. §§ 1951(a) & 2] |
| | ) (Count I) |
| | ) USING AND CARRYING A FIREARM |
| JESUS TAITANO SABLAN, | ) DURING A CRIME OF VIOLENCE |
| | ) [18 U.S.C. §§ 924(c)(1)(A)(ii) & 2] |
| Defendant. | ) (Count II) |

THE GRAND JURY CHARGES:

### COUNT I - HOBBS ACT ROBBERY

1.     At all times material to this Indictment, Besta Market, District of Guam, was engaged in the business of selling retail and commercial items. Besta Market's store operations affected interstate and foreign commerce.

2.     On or about October 31, 2006, in the District of Guam, JESUS TAITANO SABLAN, the defendant, unlawfully, wilfully and knowingly, committed robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), by unlawfully taking and obtaining personal property and property in the custody and possession of Song Perez, a cashier and employee of Besta Mart, against that person's will, by means of actual and threatened force, and violence, and fear of injury, immediate or future, to that person and that person's property, and

-1-

property in that person's custody and possession, and thereby obstructed, delayed and affected commerce, and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), all in violation of Title 18, United States Code, Sections1951(a) and 2.

## COUNT II - USING AND CARRYING A FIREARM DURING A CRIME OF VIOLENCE

3.  The Grand Jury realleges, adopts, and incorporates by reference herein, the allegations contained in paragraphs 1 and 2 as if fully set forth herein.

4 . On or about October 31, 2006, in the District of Guam, JESUS TAITANO SABLAN, the defendant, unlawfully, knowingly, and wilfully, during and in relation to a crime of violence for which the defendant may be prosecuted in a court of the United States, namely, the Hobbs Act Robbery charged in Count One of this Indictment, used and carried a firearm, and in furtherance of such crimes, possessed such firearm, and brandished such firearm, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(ii) and 2.

DATED this _____ 8__ day of August, 2007.

A TRUE BILL.

DEBBIE LEON GUERRERO
Foreperson

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

By: _____
ROSETTA L. SAN NICOLAS
Assistant U.S. Attorney

Reviewed:

By: _____
JEFFREY J. STRAND
First Assistant U.S. Attorney

-2-