## ☐ ORIGINAL

LEONARDO M. RAPADAS
United States Attorney
ROSETTA L. SAN NICOLAS
Assistant U.S. Attorney
Suite 500 Sirena Plaza
238 Archbishop Flores Street
Agana, Guam 96910
PHONE: 472-7332
FAX: 472-7334

Attorneys for the United States of America

**FILED**
DISTRICT COURT OF GUAM

OCT - 3 2007

**JEANNE G. QUINATA**
**Clerk of Court**

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>       vs.<br><br>JESUS TAITANO SABLAN,<br><br>          Defendant. | CRIMINAL CASE NO. 07-00072<br><br>**OPPOSITION TO DEFENDANT'S**<br>**MOTION TO DISMISS INDICTMENT** |

COMES NOW the plaintiff, United States of America, by and through its undersigned attorney, and moves this Honorable Court to deny the defendant's Motion to Dismiss Indictment.

This Opposition is based upon the following memorandum of points and authorities filed herein as well as the record of proceedings, and papers on file herein.

### MEMORANDUM OF POINTS AND AUTHORITIES

Defendant JESUS TAITANO SABLAN pled guilty in the Superior Court to an Information containing three offenses: Possession of a Firearm Without an Identification Card (Third Degree Felony) in violation of 10 G.C.A. §60106, 60114(a) and 60121(e), Terrorizing (Third Degree Felony) in violation of 9 G.C.A. §19.60(a) and (b), and Theft (Petty Misdemeanor), in violation of 9 G.C.A. §43.20(d) and 43.30(a).

On August 8, 2007, in the United States District Court, the Grand Jury handed down an Indictment charging the defendant with two offenses: Hobbs Act Robbery [18 U.S.C. 1951(a) and §2] and Using and Carrying a Firearm During a Crime of Violence [18 U.S.C. §924(c)(1)(a)(ii) and §2].

Defendant now files a Motion to Dismiss the Indictment arguing that the United States Government is barred under the doctrine of collateral estoppel from prosecution of the defendant in the United States District Court. The Government opposes such motion.

## I. PROSECUTION IN THE DISTRICT COURT IS NOT BARRED BY THE DOCTRINE OF COLLATERAL ESTOPPEL.

The issue to be decided by the District Court is whether the doctrine of collateral estoppel precludes prosecution of the District Court offense.

In *Ashe v. Swenson*, 397 U.S. 436, 443 (1970), the Supreme Court incorporated the principles of collateral estoppel into the protections of the Double Jeopardy clause. "We have applied *Ashe* to hold that 'if the Government's case depends on facts found in defendant's favor by an acquittal, collateral estoppel precludes the Government from attempting to reprove those facts and hence, from retrying the defendant." *United States v. Powell*, 632 F.2d 754 (9th Cir. 1980). Collateral estoppel "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the parties in any future lawsuit." *Ashe v. Swenson*, 397 U.S. 436, 443 (1970). The Fifth Amendment Double Jeopardy Clause forbids the duplicative prosecution of a defendant for the "same offense" U.S. Const. Amend. V; *Blockburger v. United States*, 284 U.S. 299, 304, 52 S. Ct. 180, 182 (1932). "As collateral estoppel is encompassed in the constitutional protection against double jeopardy, we review de novo the district court's denial of motion to dismiss on collateral estoppel grounds." *United States v. Stoddard*, 111 F.3d 1450, 1458 (9th Cir. 1997). [1]

---

[1] *Ashe* involved the robbery of six men at a poker game. When Ashe was tried on a charge of robbing one of the six men, the evidence that Ashe was one of the robbers was weak and the jury acquitted him. In a subsequent trial for the robbery of another of the six card players - this

2

A three step approach is employed to make a collateral estoppel determination. "(1) An examination of the issues in the two actions for the purpose of determining whether the issues are sufficiently similar and sufficiently material in both actions to justify invoking the doctrine; (2) an examination of the record of the prior case to decide whether the issue was "litigated" in the first case; and (3) an examination of the record of the prior proceeding to ascertain whether the issue was necessarily decided in the first case." *United States v. McLaurin*, 57 F.3d 823, 826 (9th Cir. 1995).

The Supreme Court has instructed us, however, that the examination should not be formalistic. "[T]he rule of collateral estoppel in criminal cases is not to be applied with the hypertechnical and archaic approach of a 19th century pleading book, but with realism and rationality. Where a previous judgment of acquittal was based upon a general verdict, as is usually the case, this approach requires a court to "examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration." The inquiry "must be set in a practical frame and viewed with an eye to all the circumstances of the proceedings." Anything more technically restrictive would, of course, simply amount to a rejection of the rule of collateral estoppel in criminal proceedings, at least in every case where the first judgment was based upon a general verdict of acquittal." *Ashe*, 397 U.S. at 444.

A. <u>Examination of the issues in the two actions for the purpose of determining whether the issues are sufficiently similar and sufficiently material in both actions to justify invoking the doctrine.</u>

---

time with stronger identification evidence - Ashe was convicted. The Court overturned the conviction as barred by collateral estoppel, concluding that the "single rationally conceivable issue in dispute [in the first trial] was whether the petitioner had been one of the robbers. And the jury by its verdict found that he had not. Id. At 445, 90 S. Ct. 1189. Because the first jury had found that Ashe had not been present at the robbery, the only way he could be convicted was if the second jury found directly to the contrary. Consequently, the collateral estoppel rule prohibited his second prosecution. See id. At 446-47, 90 S. Ct. 1189.

3

1    The Government contends that the first prong, similarity of issues, is not met therefore

2    the doctrine of collateral estoppel does not apply. The defendant has pled guilty to the local

3    offenses of Possession of a Firearm Without an Identification Card, Terrorizing, and Theft in

4    Superior Court of Guam Case CF55-07 (See Exhibit 1).

5         The elements of Possession of a Firearm Without an Identification Card, are that the

6    defendant, possessed, used, carried or acquired a firearm, without having first obtained from the

7    Department an identification card evidencing his right to such ownership, possession, use or

8    carrying, concealed or otherwise, as stated upon the face of that card. The statute requires that

9    said card shall be in the possession of the holder and on his person whenever he is using or has in

10   his possession a firearm. 10 G.C.A. §60106.   No person may use or possess a firearm

11   regardless of ownership of the firearm, without possession of an identification card evidencing

12   his eligibility to possess, use or carry such firearm. 10 G.C.A. §60114(a). Any person

13   purchasing, possessing, using or carrying a firearm without an applicable identification card shall

14   be guilty of a felony which shall be punishable for a term of imprisonment of not less than three

15   years. 10 G.C.A. §60121(e).   Defendant pled guilty to possessing a .45 caliber handgun at a

16   time when he did not have an identification card.   The facts arose out of a disturbance reported

17   to the Guam Police, Guam Police Department Report No. 06-28473, and occurred on October 31,

18   2006 at 10:55 p.m. the Rainbow Apartment, Tamuning (See Exhibit 2).

19        The elements of Terrorizing are that the defendant communicated to any person a threat

20   to commit or to cause to be committed a crime of violence dangerous to human life, against the

21   person to whom the communication is made or another, and the natural and probable

22   consequence of such a threat, is to place the person to whom the threat is communicated or the

23   person threatened in reasonable fear that crime will be committed. 9 G.C.A. §19.60(a).   The

24   facts arose out of a report that the defendant threatened to harm Jerad Unchango at the Rainbow

25   Apartment on October 31, 2006. The facts are contained in Guam Police Department Report No.

26   06-28473 (See Exhibit 3).

27

28                                                4

The elements of Theft of Property are that the defendant unlawfully took, obtained, or exercised unlawful control over the movable property of another with the intent to deprive him thereof. 9 G.C.A. §43.30(a). Theft is a petty misdemeanor. 9 G.C.A. §43.20(20(d). The facts arose out of a report that the defendant unlawfully exercised unlawful control over cans of beer at the Besta Mart. The facts are contained in Guam Police Department Report No. 06-28473 (See Exhibits 2 and 3).

The offenses of Possession of a Firearm Without an Identification Card, Terrorizing, and Theft of Property are not the "same offense" as the federal offenses of Hobbs Act Robbery and Use of a Firearm During a Crime of Violence.

The elements of Hobbs Act Robbery are that the defendant induced Jacob Joseph to part with property by the wrongful use of threat of force or fear, the defendant acted with the intent to obtain the property that the defendant knew he was not entitled to receive, and interstate commerce was affected in some way. 18 U.S.C. §1951(a). (See Exhibit 4).

The elements of Using and Carrying a Firearm During a Crime of Violence are that the defendant committed the crime of Robbery as alleged, the defendant knowingly used, carried, possessed, brandished or discharged a firearm, and the defendant used, carried, possessed, brandished, discharged the firearm, during and in relation to the crime.

A defendant has "used " a firearm if he or she has actively employed the firearm in relation to the Robbery. Use includes any of the following: 1) brandishing, displaying, bartering, striking with, firing or attempting to fire a firearm, 2) referring to a firearm in the offender's possession, in order to bring about a change in the circumstances of the predicate offense; 3) the silent but obvious and forceful presence of a firearm in plain view. Carrying is not limited to carrying weapons directly on the person, but can include circumstances such as carrying in a vehicle.

A defendant "carries" a firearm when he 1) knowingly possesses it; and 2) holds, moves, conveys, or transports it in some manner. A person possesses a firearm if the person knows of its

5

1  presence and has physical control of it, or knows of its presence and has the power and intention

2  to control it. A defendant takes such action "in relation to the crime" if the firearm facilitated or

3  played a role in the crime. Ninth Circuit Jury Instruction 8.65.

4      The charges in the local case and the federal case each require proof of elements different

5  from the other and do not constitute the "same offense" for the purposes of the Double Jeopardy

6  Clause. Since the Hobbs Act Robbery and the Using and Carrying a Firearm During a Crime of

7  Violence require different elements than the offense of Possession of a Firearm Without an

8  Identification Card, Terrorizing, or Theft, the ultimate issues of fact in the federal case have not

9  been conclusively determined. The Superior Court offenses determine actions by the defendant

10  against the victim Jerad Unchangco (Terrorizing and Possessing a Firearm Without a Firearms

11  Identification Card) as well as the Theft of a six pack of beer from Besta Mart. The Federal

12  Offenses are distinct relating to the Robbery of the Besta Mart in the evening on October 31,

13  2006, the Use of a Firearm During a Crime of Violence, the Robbery. Therefore, the local case

14  does not conclusively determine the "ultimate issues of fact" of the federal case. Hence, the

15  Government is not precluded or collaterally estopped from prosecution of the Hobbs Robbery

16  and the Use of a Firearm During a Crime of Violence in the District Court. "Indeed, it is well

17  settled that a single transaction can give rise to distinctive offenses under separate statutes

18  without violating the Double Jeopardy clause." *People of Territory of Guam v. Iglesias*, 839

19  F.2d 628 (9th Cir. 1988) citing *Albernaz v. United States*, 450 U.S. 333, 344 (1981); see also

20  *Blockburger v. United States*, 284 U.S. 299, 304 (1932).

21      Examination of the issues in the two actions show that the issues are not sufficiently

22  similar and sufficiently material in both actions to justify invoking the doctrine of collateral

23  estoppel.

24      **B.**    <u>Examination of the record of the prior case to decide whether the issue was "litigated" in the fist case.</u>

25

26      The record indicates that the local offenses in CF55-07 pertain to the defendant's act of

27  Terrorizing Jerad Unchangco with a firearm at the Rainbow Apartment on October 31, 2007.

28  6

The Attorney General's Information (Exhibit 2) clarifies that the defendant communicated a threat dangerous to human life to Jerad Unchangco on October 31, 2006, possessed a .45 caliber firearm without simultaneously possessing a firearms identification card on this date, and stole a six pack of beer from Besta Mart.    Defendant pled guilty to these offenses in CF55-07 (Exhibit 1).

Notably, a Magistrate's Complaint was filed in CF469-06 charging defendant with the offense of Robbery (As a Second Degree Felony) and Special Allegation Possession and Use of a Deadly Weapon in the Commission of a Felony. (Exhibit 5).    This offense arose out of the October 31, 2007 Robbery of the Besta Market, wherein defendant was armed while in the course of committing theft of two 12 packs of beer.  The Grand Jury  handed down an Indictment on November 9, 2006 for the same charges.  (Exhibit 6).  Upon the Government's motion, this case was dismissed in without prejudice on April 20, 2007 by the Honorable Arthur R. Barcinas, Superior Court of Guam.   (Exhibit 7).

An examination of the record of the first case reveals that the issue resolved against the defendant dealt with the Terrorizing of Jared Unchangco at the Rainbow Market, the Use of a Firearm Without an Identification Card, and the Theft from Besta Mart.    The issue of the Hobbs Robbery or the Use of a Firearm During a Crime of Violence were not issues which were litigated in the first case. The Government should not be barred under the doctrine of collateral estoppel from prosecuting the Hobbs Act Robbery and the Use of a Firearm During a Crime of Violence.

C.   Examination of the record of the prior proceeding to ascertain whether the issue was necessarily decided in the first case

The defendant's plea in CF55-07 necessarily decided the issues of whether the defendant terrorized Jerad Unchangco, whether the defendant possessed a firearm without an identification card, and whether the defendant unlawfully removed the movable property of Besta Market in Barrigada with the intent to deprive Besta Market of that item. The defendant's plea did not

7

decide the issue of whether a Hobbs Act Robbery occurred, that is that the victim was forced to part with property by the wrongful use of threat of force or fear, that the defendant acted with intent to obtain the property that the defendant knew he was not entitled to receive, and that commerce was affected in some way. The conviction in CF55-07 does not address the defendant's Use of a Firearm During a Crime of Violence. Indeed, the Robbery counts filed against the defendant were dismissed without prejudice - a strong indication that the matter was not "necessarily decided" at all.

## CONCLUSION

The United States Government should not be collaterally estopped from prosecuting the defendant for the offenses of Hobbs Act Robbery and Using a Firearm During a Crime of Violence. Although the defendant pled guilty in the local case to Terrorizing, Possession of a Firearm Without an Identification Card, and Theft, the conviction for these offenses does not actually litigate and necessarily decide issues in the Federal case. To bar the Federal Government from prosecution would deprive the federal government of the right to enforce its laws - an undesirable consequence. "Prosecution by one sovereign for a relatively minor offense might bar prosecution by the other for a much graver one, thus effectively depriving the latter of the right to enforce its own laws." *Abbate v. United States*, 359 U.S. 187. The federal prosecution does not violate the Double Jeopardy clause, and the Government should not be collaterally estopped from prosecution of the defendant.

DATED this 3rd day of October, 2007.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and CNMI

By:

ROSETTA L. SAN NICOLAS
Assistant U.S. Attorney

8



1
2
3
4

RECEIVED
4:39pm
FEB 0 2 2007
SUPERIOR COURT
OF GUAM
CLERKS OFFICE

AR 20 PM 3: 5

5  Office of the Attorney General
   Alicia G. Limtiaco
6  Attorney General of Guam
   Prosecution Division
7  287 West O'Brien Drive
   Hagåtña, Guam 96910 ● USA
8  (671) 475-3324 ● (671) 472-2493 (Fax)
   www.guamattorneygeneral.com ● guamattorneygeneral@hotmail.com
9
10 Attorneys for the People of Guam

11        IN THE SUPERIOR COURT OF GUAM
12              HAGÅTÑA, GUAM

**CF 0055-07**

13 THE PEOPLE OF GUAM,                   )   CRIMINAL CASE NO. CF
                                         )   GPD Report No. 06-28473
14                    Plaintiff          )   CRIMINAL CASE NO. CM883-06
                                         )   GPD Report No. 06-26579
15        vs.                            )
                                         )
16 JESSE TAITANO SABLAN,                 )
    aka JESSE TAITANO BASALISO,          )   PLEA AGREEMENT
   DOB: 02-09-1987                       )
17                                       )
                      Defendant.         )
18 ─────────────────────────────────────)

19        Pursuant to Criminal Procedure Code § 60.80, the Defendant, **JESSE TAITANO SABLAN**

20 aka **JESSE TAITANO BASALISO**, represented by the Alternate Pubic Defender through **ANA**

21 **MARIA C. GAYLE, ESQ.** , and the People of Guam, represented by the Attorney General through

22 **DIANNE H. CORBETT**, enter into the following plea agreement:

23        1.        The Defendant, having been advised, understands the following:

24   a.   The nature of the charge and its elements to which the plea is offered, the mandatory
          minimum penalty provided by law, if any, and the maximum possible penalty
25        provided by law;

26   b.   The right to consult with and be represented by an attorney at every stage of these
          proceedings;
27
28   c.   The right to plead not guilty, the right to confront and cross-examine witnesses, and
          the right against self-incrimination;

Page 5
PLEA AGREEMENT - People v. JESSE TAITANO SABLAN aka JESSE TAITANO BASALISO
Superior Court of Guam Criminal Case No. CF          .jbf.X:\Gen..Crime Division\Secretary\JULS-K\WAIVER\SA

Case 1:07-cr-00072     Document 17     Filed 10/03/2007     Page 9 of

GOVERNMENT
EXHIBIT
1

d. That by pleading guilty to the charge the right to a jury trial is waived; and upon acceptance of the guilty plea by the court, Defendant stands convicted just as though convicted by a jury; and

e. That if Defendant pleads guilty, the court may ask questions about the offense charged, and if Defendant answers these questions on the record, and in the presence of his attorney, the answers later may be used against him.

2. Defendant voluntarily, and without coercion or promises apart from this plea agreement, agrees to waive indictment and preliminary hearing and enter a guilty plea to an information filed by the prosecutor containing the following charges:

a. **POSSESSION OF A FIREARM WITHOUT AN IDENTIFICATION CARD (As a Felony)**, in violation of 10 G.C.A. §§60106, 60114(a), and 60121(e). Pursuant to 10 G.C.A. §60121(e), any person purchasing, possessing, using or carrying a firearm without an applicable identification card shall be guilty of a felony which shall be punishable for a term of imprisonment of not less than three (3) years and a fine of not less than One Thousand Dollars ($1,000);

b. **TERRORIZING (As a 3rd Degree Felony)**, in violation of 9 G.C.A. §§19.60(a) and (b). Pursuant to 9 G.C.A. §§80.30 and 80.50, which carries a sentence of not more than three (3) year imprisonment and a maximum fine of five thousand Dollars ($5,000); and

c. **THEFT (As a Petty Misdemeanor)**, in violation of 9 G.C.A. §§43.20(d) and 43.30(a), filed pursuant to 9 G.C.A. §§80.34 and 80.50, which carries a sentence of sixty (60) days imprisonment and a fine of five hundred dollars ($500.00).

The charge arises out of the incident described in the Guam Police Department Report No. 06-28473 and the People's Declaration of Probable Cause in support of the Magistrate's Complaint filed herein.

In **CM883-06**:

d. **Count One of CRIMINAL MISCHIEF (As a Misdemeanor)**, in violation of 9 G.C.A. §34.50(c) and 34.60(c). Pursuant to 9 G.C.A. §34.60(c), which carries a minimum mandatory sentence of forty-eight (48) hours imprisonment and up to one

Page 6
PLEA AGREEMENT - People v. JESSE TAITANO SABLAN aka JESSE TAITANO BASALISO
Superior Court of Guam Criminal Case No. CF      jbf:X:\Gen. Crime Division\Secretary\JULS-K\WAIVER\SABLAN-Jesse(DHC).wpd

Case 1:07-cr-00072      Document 17      Filed 10/03/2007      Page 10 of 35

1  (1) year imprisonment, and a minimum mandatory fine of two hundred fifty dollars,
2  ($250.00) for the first offense, and a minimum mandatory of one hundred eighty
3  (180) hours but not to exceed three hundred sixty (360) hours of community service
4  work; and

5  e.    **ASSAULT (As a Misdemeanor)**, in violation of 9 G.C.A. §§19.30(a)(1). Pursuant
6        to 9 GCA §§ 80.34 and 80.50, which carries a sentence of one (1) year and a fine of
7        one thousand dollars ($1,000.00).

8  The charges arise out of the facts set forth in the Guam Police Report No. 06-26579 and the
9  People's Declaration of Probable Cause in support of the Magistrate's complaint filed herein.

10         3.         Defendant understands and agrees he may be called upon to testify under oath
11 about the factual details of these transactions at the taking of this guilty plea.  The Defendant
12 specifically agrees that he will verbally admit the factual circumstances underlying the offense at the
13 time of the plea.

14         4.         The Attorney General and Defendant, in consideration for the Defendant's
15 plea of guilty and cooperation, agree to the following:

16 a.    That Defendant shall pay a fine of one thousand dollars ($1,000.00), plus Court
17       costs.  All or part of the fine imposed may be converted to community service work
18       under the direction of the Alternative Sentencing Office at a rate of $5.15 per hour;

19 b.    That Defendant shall be held liable for full restitution pursuant to 9 GCA § 80.50(e)
20       to the victims, **Scandy Kintaro, Jerad Unchangco ,** and the business establishment
21       of **Besta Market, Barrigada and Shell Service Station, NCS Dededo**, of his actions,
22       in an amount to be determined by Court at a restitution hearing.  Defendant shall
23       pay said restitution in monthly installments to be arranged by the Adult Probation
24       Office and shall pay it in full prior to the termination of his probation.  However, in
25       the event restitution is not paid by the expiration of probation, the obligation for
26       restitution shall survive;

Page 7
PLEA AGREEMENT - People v. JESSE TAITANO SABLAN aka JESSE TAITANO BASALISO
Superior Court of Guam Criminal Case No. CF        jbf:X:\Gen. Crime Division\Secretary\JULS-K\WAIVER\SABLAN-Jesse(DHC).wpd

Case 1:07-cr-00072     Document 17     Filed 10/03/2007     Page 11 of 35

| | |
|---|---|
| 1 | c. |

That Defendant shall be placed on supervised probation for a period of three (3) years, during which time the following terms and condition of probation shall be imposed:

    i.     Defendant shall serve NINE (9) MONTHS imprisonment, at the Department of Corrections, with credit for time served;

    ii.    Defendant shall stay away from the business establishment of **Shell Service Station, NCS Dededo** and **Besta Market, Barrigada;**

    iii.   Defendant shall stay away, directly and indirectly, from the victims, namely, **Jerad Unchangco** and **Scandy Kintaro** The Defendant shall not contact the same by telephone, in writing, or through a third party, including a family member or friend;

    iv.   Defendant shall not come within five hundred (500) feet of **Jerad Unchangco** and **Scandy Kintaro;**

    v.    Defendant shall stay away from the residence, dwelling, school, day care center, or place of employment of the victims, **Jerad Unchangco** and **Scandy Kintaro**, or any other specified place, and shall not come within five hundred (500) feet of the above specified places;

    vi.   Defendant shall not attend any function and establishment, including family and social functions, if he knows or becomes aware that the victims, **Jerad Unchangco** and **Scandy Kintaro**, will be present. Upon becoming aware of the victim's presence, or planned presence, the Defendant shall immediately leave the function or establishment;

    vii.   Defendant shall not harass, threaten, physically strike, or injure the victims, **Jerad Unchangco** and **Scandy Kintaro;**

    viii.  Defendant shall perform two hundred (200) hours of community service work under the direction of the Adult Probation Office during the Defendant's three (3) years probation;

Page 8
PLEA AGREEMENT - People v. JESSE TAITANO SABLAN aka JESSE TAITANO BASALISO
Superior Court of Guam Criminal Case No. CF    jbf:X:\Gen. Crime Division\Secretary\JULS-K\WAIVER\SABLAN-Jesse(DHC).wpd

Case 1:07-cr-00072    Document 17    Filed 10/03/2007    Page 12 of 35

| | | |
|---|---|---|
| 1 | ix. | Defendant must attend and complete and pay the $200 tuition fee of |
| 2 | | an Alcohol Treatment Program as ordered by the court; |
| 3 | x. | Defendant shall attend and successfully complete theft prevention |
| 4 | | program recommended by the Court, and shall pay the fee for the |
| 5 | | program; |
| 6 | xi. | Defendant shall report to the Adult Probation Office once a month |
| 7 | | in person, or as ordered by the Adult Probation Office; |
| 8 | xii. | Defendant shall not possess or consume any alcoholic beverages, and |
| 9 | | shall not enter any establishments whose primary business is selling |
| 10 | | alcoholic beverages; |
| 11 | xiii. | Defendant shall not possess or consume any illegal controlled |
| 12 | | substances; |
| 13 | xiv. | Defendant shall stay away from all firearms, and is not to possess, |
| 14 | | carry, transfer, or use any firearms; |
| 15 | xv. | Defendant shall forfeit the firearm, the ammunition clip, and the |
| 16 | | rounds of ammunition confiscated in this case to the Guam Police |
| 17 | | Department for its use, sale, or destruction; |
| 18 | xvi. | Defendant shall forfeit his firearm identification card to the court and |
| 19 | | shall not reapply for another one; |
| 20 | xvii. | Defendant shall not live in a residence that has firearms; |
| 21 | xviii. | Defendant shall not apply for, possess, or own a firearm identification |
| 22 | | card; |
| 23 | xix. | Defendant shall submit to random alcohol and drug testing under the |
| 24 | | supervision of the Adult Probation Office; |
| 25 | xx. | Defendant shall permit the probation officers and law enforcement |
| 26 | | officers to search his person, residence, and vehicles for firearms, |
| 27 | | alcoholic beverages and illegal controlled substances at any time such |
| 28 | | |

Page 9
PLEA AGREEMENT - People v. JESSE TAITANO SABLAN aka JESSE TAITANO BASALISO
Superior Court of Guam Criminal Case No. CF        jbf:X:\Gen. Crime Division\Secretary\JULS-K\WAIVER\SABLAN-Jesse(DHC).wpd

Case 1:07-cr-00072    Document 17    Filed 10/03/2007    Page 13 of 35

a search is requested. Failure to allow such a search will be considered a violation of probation;

xxi.    Defendant shall turn in his passport and/or other travel documents to the Clerk of Court;

xxii.    Defendant shall not leave Guam without the approval of the court or Adult Probation Office, with prior notice being given to the Office of the Attorney General, General Crimes Division;

xxiii.    Defendant shall obey all local and federal laws; and,

xxiv.    Defendant shall comply with any other condition imposed by the court or the Adult Probation Office.

d.    Failure of the Defendant to follow all of his conditions of probation will result in a hearing to revoke probation at which time the court may impose the maximum sentence allowable under the statute charged as specified in paragraph 2 of this agreement;

e.    Should the Defendant complete the above conditions before the expiration of the three (3) years supervised probationary period, the Defendant will be placed on unsupervised probation for the remaining portion of Defendant's probation period;

f.    Defendant shall report to the Adult Probation Service Office within forty-eight (48) hours of sentencing for intake and processing; and

g.    Upon the Court's acceptance of Defendant's plea of guilty and sentencing of the Defendant in accordance with the terms of the plea agreement herein, the People will move to dismiss the remaining charges of **Count Two of CRIMINAL MISCHIEF (As a Misdemeanor), RESISTING ARREST (As a Misdemeanor),** and **PUBLIC DRUNKENNESS (As a Petty Misdemeanor),** as contained in **CM883-06;** and to dismiss Criminal Case No. **CF469-06** in it's entirety.

5.    The parties hereto fully and completely understand and agree that it is the court's duty to impose sentence upon the Defendant, and that any sentence either stipulated to or recommended herein is not binding on the court. If after accepting this plea the court concludes

Page 10
PLEA AGREEMENT - People v. JESSE TAITANO SABLAN aka JESSE TAITANO BASALISO
Superior Court of Guam Criminal Case No. CF    jbf:X:\Gen. Crime Division\Secretary\JULS-K\WAIVER\SABLAN-Jesse(DHC).wpd

that any of the plea agreement's provisions regarding sentence or the terms and conditions of probation are inappropriate, it can reject the plea. If the court decides to reject the plea provisions regarding sentencing, it must give both the People and the Defendant an opportunity to withdraw from the plea agreement. In case this plea agreement is withdrawn, all original charges will automatically be reinstated.

6.    If the court decides to reject the plea agreement provisions regarding sentencing and neither the People nor the Defendant elects to withdraw the plea agreement, then any sentence either stipulated to or recommended herein in paragraph 4 is not binding upon the court, and the court is bound only by the sentencing limits set forth in paragraph 2 and the applicable statutes.

7.    Defendant stipulates and agrees that if given a fair opportunity to pay any fines and restitution ordered by the court, he will be able to do so. Defendant further understands and agrees that he has an obligation to pay any fine and restitution ordered by the Court and that this obligation survives the expiration of probation or parole and that expiration of probation or parole does not prevent collection of fines and restitution, pursuant to 9 GCA § 80.56.

8.    Defendant understands that he has a right to move for a reduction of his sentence within one hundred twenty (120) days of sentencing pursuant to 8 GCA § 120.46, and agrees to waive that right for the purpose of this plea.

9.    Defendant understands that he has a right to appeal his conviction in this case pursuant to 8 GCA §§ 130.10 and 130.15, and agrees to waive that right for the purpose of this plea.

10.    Defendant states he has told his lawyer all the facts and circumstances known about the charges. His lawyer has counseled and advised him on the nature of each charge as well as on any and all lesser included charges.

11.    Defendant and the government each intend this plea agreement and the sentence imposed be a final sentence and a total and conclusive resolution of the charges described within this plea agreement.

Page 11
PLEA AGREEMENT - People v. JESSE TAITANO SABLAN aka JESSE TAITANO BASALISO
Superior Court of Guam Criminal Case No. CF          jbf:X:\Gen. Crime Division\Secretary\JULS-K\WAIVER\SABLAN-Jesse(DHC).wpd

Case 1:07-cr-00072    Document 17    Filed 10/03/2007    Page 15 of 35

12.     Defendant understands and agrees that this agreement shall not be binding on the People should the Defendant be charged with or commit a crime between the time of the offer or entrance of this agreement and the time for sentencing of this case.

13.     By his signature, Defendant attests he has read this agreement and its provisions have been fully explained by his attorney. Defendant believes his lawyer has done all that anyone could do to counsel and assist him and is satisfied with the advice and help received.


_____
JESSE TAITANO SABLAN
aka JESSE TAITANO BASALISO
Defendant
Dated: _____1 - 5 - 07_____

_____
DIANNE H. CORBETT
Prosecuting Attorney

Dated: December 26, 2006


_____
ANA MARIA C. GAYLE, ESQ.
Counsel for Defendant

Dated: _____1 - 5 - 07_____


After a hearing held on __MAR 1 4 2007__, 200__, and a finding that Defendant's plea of guilty of **POSSESSION OF A FIREARM WITHOUT A FIREARM IDENTIFICATION CARD (As a Felony), TERRORIZING (As a 3rd Degree Felony) and, THEFT (As a Petty Misdemeanor)**, is knowingly and voluntarily made, this court now accepts the plea agreement herein and his plea of guilty and adjudges Defendant guilty of **POSSESSION OF A FIREARM WITHOUT A FIREARM IDENTIFICATION CARD (As a Felony), TERRORIZING (As a 3rd Degree Felony) and, THEFT (As a Petty Misdemeanor)**. Sentencing shall take place on the _____ day of **MAR 1 4 2007**, 200__.


_____
HONORABLE MICHAEL J. BORDALLO
JUDGE, SUPERIOR COURT OF GUAM

Page 12
PLEA AGREEMENT - People v. JESSE TAITANO SABLAN aka JESSE TAITANO BASALISO
Superior Court of Guam Criminal Case No. CF          jbf:X:\Gen. Crime Division\Secretary\JULS-K\WAIVER\SABLAN-Jesse(DHC).wpd

Case 1:07-cr-00072     Document 17     Filed 10/03/2007     Page 16 of 35

| Description | 9am - CF0055-07 - Ppl vs. Jesse T. Sablan (p) |
|---|---|
| | CHANGE OF PLEA  -  GLOBAL PLEA |
| | |
| | Govt - Ed Han |
| | DA - Annie Gayle |
| | PO - Robbie T. Call |
| | |
| | (YLC) |

| Date | 3/14/2007 | Location | JDARBCRA |
|---|---|---|---|

9am - CF0055-07 - Ppl vs. Jesse T. Sablan (p)

JDARBCRA

| Time | Speaker | Note |
|---|---|---|
| 9:13:39 AM | CLK | CASE CALLED |
| 9:16:18 AM | clk | swears in the Defendant |
| 9:16:22 AM | CT | addresses the Defendant |
| 9:17:03 AM | Deft | 20 years old, 9th grade in Saipan. Not under drugs or alcohol today. no treatment for mental illness. |
| 9:17:53 AM | CT | pleading to Possession of Firearm without Identification Card, Terrorizing, Theft, Criminal Mischief, Assault. |
| 9:18:23 AM | CT | advises Defendant of charges in CF0055-07; with the minimum and maximum sentences and fines |
| 9:20:33 AM | CT | advises Defendant of his rights |
| 9:22:16 AM | CT | Criminal Mischief and Assault charges are in CM0883-06. |
| 9:22:50 AM | CT | advises Defendant of charges in CM0883-06 |
| 9:25:49 AM | Deft | I understand |
| 9:25:56 AM | Govt | victims all notified of this plea |
| 9:26:09 AM | CT | prove this case? |
| 9:26:16 AM | Govt | would have been able to prove |
| 9:26:21 AM | DA | stipulates to factual basis |
| 9:26:26 AM | CT | how do you wish to plead to the charges? |
| 9:26:46 AM | DEFT | PLEADS GUILTY |
| 9:26:50 AM | CT | KNOWING AND VOLUNTARY AND ENTERS THE SAME |
| 9:27:08 AM | CT | SENTENCES THE DEFENDANT PURSUANT TO THE TERMS AND CONDITIONS CONTAINED IN THE PLEA |
| 9:27:22 AM | DA | WAIVES READING AND PSI REPORT |
| 9:27:28 AM | CT | GOVT TO PREPARE JUDGMENT |
| 9:27:40 AM | GOVT | MOVES TO DISMISS THE REMAINING CHARGES |
| 9:27:43 AM | CT | GRANTS THE DISMISSAL OF THE REMAINING CHARGES |
| 9:28:03 AM | DA | Deft to be released in July. July 31, 2007 |
| 9:28:15 AM | CT | JUNE 5, 2007 AT 11:00 AM   RESTITUTION HEARING |
| 9:28:46 AM | CT | REPORT DUE 1 WEEK PRIOR TO HEARING |
| 9:28:58 AM | CT | ADMONISHES THE DEFENDANT |
| 9:30:05 AM | CT | release date to be covered in the Judgment |

3/14/2007

FILED
SUPERIOR COURT
OF GUAM

2007 FEB -2 PM 4: 40

CLERK OF COURT

BY _____

**Office of the Attorney General**
**Alicia G. Limtiaco**
Attorney General of Guam
**Prosecution Division**
287 West O'Brien Drive
Hagåtña, Guam 96910 ● USA
(671) 475-3324 ● (671) 472-2493 (Fax)
www.guamattorneygeneral.com ● guamattorneygeneral@hotmail.com

Attorneys for the People of Guam

# IN THE SUPERIOR COURT OF GUAM
## HAGÅTÑA, GUAM

**CF 0055-07**

| | |
|---|---|
| THE PEOPLE OF GUAM | CRIMINAL CASE NO. CF<br>GPD REPORT NO. 06-28473 |
| vs. | Charges: |
| JESSE TAITANO SABLAN,<br>aka JESSE TAITANO BASALISO,<br>DOB: 02-09-1987 | 1.  POSSESSION OF A FIREARM<br>    WITHOUT A FIREARM<br>    IDENTIFICATION CARD<br>    (As a Felony) |
| Defendant. | 2.  TERRORIZING<br>    (As a 3rd Degree Felony)<br>3.  THEFT<br>    (As a Petty Misdemeanor) |

### ATTORNEY GENERAL'S INFORMATION

The Attorney General of Guam hereby accuses **JESSE TAITANO SABLAN** aka **JESSE TAITANO BASALISO** of certain crimes committed as follows:

### FIRST CHARGE

On or about the 31st day of October, 2006, in Guam, **JESSE TAITANO SABLAN** aka **JESSE TAITANO BASALISO**, knowingly owned, used, carried, acquired, and possessed a firearm, specifically, a **.45 caliber handgun**, at a time when he had not obtained an identification card, in violation of 10 GCA §§ 60106, 60114(a), and 60121(e).

### SECOND CHARGE

On or about the 31st day of October, 2006, in Guam, **JESSE TAITANO SABLAN** aka **JESSE TAITANO BASALISO**, did knowingly communicate a threat to another person, Jerad

GOVERNMENT
EXHIBIT
2

1 Unchangco, to commit a crime of violence dangerous to human life against **Jerad Unchangco**, the

2 natural and probable consequence of such threat being to place **Jerad Unchangco** in reasonable fear

3 that the crime would be committed, in violation of 9 GCA §§ 19.60(a) and (b).

**THIRD CHARGE**

5     On or about the 31st day of October, 2006, in Guam, **JESSE TAITANO SABLAN** aka

6 **JESSE TAITANO BASALISO**, did unlawfully take, obtain and exercise unlawful control over the

7 movable property of **Besta Market, Barrigada**, that is, **2 twelve packs** of beer, with intent to deprive

8 **Besta Market, Barrigada** thereof, the amount involved being less than $50.00, in violation of 9 GCA

9 §§ 43.20(d) and 43.30(a), as amended.

10     Dated this **5th** day of _January_ , 200 **7** .

12                 **OFFICE OF THE ATTORNEY GENERAL**
                DOUGLAS B. MOYLAN, Attorney General of Guam

14                 _Dianne Corbett_
15                 **DIANNE H. CORBETT**
                Assistant Attorney General, General Crimes Division



**Office of the Attorney General**
**Alicia G. Limtiaco**
Attorney General of Guam
**Prosecution Division**
287 West O'Brien Drive
Hagåtña, Guam 96910 ● USA
(671) 475-3406/3324 ● (671) 477-3390 (Fax)
www.guamattorneygeneral.com

**Attorneys for the People of Guam**

## IN THE SUPERIOR COURT OF GUAM
## HAGÅTÑA, GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM | CRIMINAL CASE NO. **CF55-07** |
| | GPD Report No. 06-28473 |
| | CRIMINAL CASE NO. **CM883-06** |
| vs. | GPD Report No. 06-26579 |
| **JESSE TAITANO SABLAN,** | **J U D G M E N T** |
| **(aka JESSE TAITANO BASALISO),** | |
| DOB: 02-09-1987 | |
| Defendant. | |

On this 14th day of March, 2007, came the attorney for the People of Guam, Assistant Attorney General **EDWARD C. HAN**, and the Defendant appeared with **ANA MARIA C. GAYLE, ESQ.**, counsel, for a change of plea hearing, and the Defendant having moved to change his plea of NOT GUILTY to that of GUILTY of the following offenses:

In **CF55-07**:

    A.    **POSSESSION OF A FIREARM WITHOUT AN IDENTIFICATION CARD (As a Felony)**, in violation of 10 G.C.A. §§60106, 60114(a), and 60121(e);

Page 1
JUDGMENT - People v. JESSE TAITANO SABLAN (aka JESSE TAITANO BASALISO)
Superior Court of Guam Criminal Case No. CF55-07 & CM883-06
jblas:X:\Gen. Crime Division\Secretary\JULS-K\2007\JUDGMENTS\SABLAN-Jesse [CF55-07-CM883-06 & CF469-06].wpd

GOVERNMENT
EXHIBIT
3

ORIGINAL

B.  **TERRORIZING (As a 3rd Degree Felony)**, in violation of 9 G.C.A. §§19.60(a) and (b); and

C.  **THEFT (As a Petty Misdemeanor)**, in violation of 9 G.C.A. §§43.20(d) and 43.30(a).

In **CM883-06**:

D.  **Count One** of **CRIMINAL MISCHIEF (As a Misdemeanor)**, in violation of 9 G.C.A. §34.50(c) and 34.60(c); and

E.  **ASSAULT (As a Misdemeanor)**, in violation of 9 G.C.A. §§19.30(a)(1).

The Court informed the Defendant of the effect of the plea entered and asked him whether he insists on his plea or not.

The Defendant persisted on his plea of GUILTY of the following offenses:

In **CF55-07**:

A.  **POSSESSION OF A FIREARM WITHOUT AN IDENTIFICATION CARD (As a Felony)**;

B.  **TERRORIZING (As a 3rd Degree Felony)**; and

C.  **THEFT (As a Petty Misdemeanor)**.

In **CM883-06**:

D.  **Count One** of **CRIMINAL MISCHIEF (As a Misdemeanor)**; and

E.  **ASSAULT (As a Misdemeanor)**, in violation of 9 G.C.A. §§19.30(a)(1).

The Court then addressed the Defendant personally and found that the plea is made voluntarily with an understanding of the nature of the charge and consequences of his plea. The Court further found to its satisfaction that there is a factual basis for the plea.

The Court accepts Defendant's plea of GUILTY and based on his plea, a JUDGMENT of GUILTY is hereby entered. Sentencing was held on the 14th day of March, 2007. Present at the sentencing were Assistant Attorney General **EDWARD C. HAN** for the People, Defendant and Defendant's counsel, **ANA MARIA C. GAYLE, ESQ.**

Page 2
JUDGMENT - People v. JESSE TAITANO SABLAN (aka JESSE TAITANO BASALISO)
Superior Court of Guam Criminal Case No. CF55-07-CM883-06
jblas:X:\Gen. Crime Division\Secretary\JULS-K\2007\JUDGMENTS\SABLAN-Jesse [CF55-07-CM883-06 & CF469-06].wpd

Case 1:07-cv-00072   Document 9-5   Filed 10/03/2007   Page 22 of 35

**WHEREFORE, IT IS HEREBY ORDERED** that the Defendant, **JESSE TAITANO SABLAN (aka JESSE TAITANO BASALISO)**, is hereby sentenced as follows:

A.    That Defendant shall pay a fine of one thousand dollars ($1,000.00), plus Court costs. All or part of the fine imposed may be converted to community service work under the direction of the Alternative Sentencing Office at a rate of $5.15 per hour;

B.    That Defendant shall be held liable for full restitution pursuant to 9 GCA § 80.50(e) to the victims, **Scandy Kintaro, Jerad Unchangco**, and the business establishment of **Besta Market, Barrigada** and **Shell Service Station, NCS Dededo**, of his actions, in an amount to be determined by Court at a restitution hearing. Defendant shall pay said restitution in monthly installments to be arranged by the Adult Probation Office and shall pay it in full prior to the termination of his probation. However, in the event restitution is not paid by the expiration of probation, the obligation for restitution shall survive;

C.    That Defendant shall be placed on supervised probation for a period of three (3) years, during which time the following terms and condition of probation shall be imposed:

    1.    Defendant shall serve NINE (9) MONTHS imprisonment, at the Department of Corrections, with credit for time served;

    2.    Defendant shall stay away from the business establishment of **Shell Service Station, NCS Dededo** and **Besta Market, Barrigada;**

    3.    Defendant shall stay away, directly and indirectly, from the victims, namely, **Jerad Unchangco** and **Scandy Kintaro** The Defendant shall not contact the same by telephone, in writing, or through a third party, including a family member or friend;

    4.    Defendant shall not come within five hundred (500) feet of **Jerad Unchangco** and **Scandy Kintaro;**

Page 3
JUDGMENT - People v. JESSE TAITANO SABLAN (aka JESSE TAITANO BASALISO)
Superior Court of Guam Criminal Case No. CF55-07 & CM883-06
Jblas:X:\Gen. Crime Division\Secretary\JULS-K\2007\JUDGMENTS\SABLAN-Jesse [CF55-07-CM883-06 & CF469-06].wpd

Case 1:07-cr-00039 Document 1 Filed 10/03/2007 Page 23 of 35

5. Defendant shall stay away from the residence, dwelling, school, day care center, or place of employment of the victims, **Jerad Unchangco** and **Scandy Kintaro**, or any other specified place, and shall not come within five hundred (500) feet of the above specified places;

6. Defendant shall not attend any function and establishment, including family and social functions, if he knows or becomes aware that the victims, **Jerad Unchangco** and **Scandy Kintaro**, will be present. Upon becoming aware of the victim's presence, or planned presence, the Defendant shall immediately leave the function or establishment;

7. Defendant shall not harass, threaten, physically strike, or injure the victims, **Jerad Unchangco** and **Scandy Kintaro**;

8. Defendant shall perform two hundred (200) hours of community service work under the direction of the Adult Probation Office during the Defendant's three (3) years probation;

9. Defendant must attend and complete and pay the $200 tuition fee of an Alcohol Treatment Program as ordered by the court;

10. Defendant shall attend and successfully complete theft prevention program recommended by the Court, and shall pay the fee for the program;

11. Defendant shall report to the Adult Probation Office once a month in person, or as ordered by the Adult Probation Office;

12. Defendant shall not possess or consume any alcoholic beverages, and shall not enter any establishments whose primary business is selling alcoholic beverages;

13. Defendant shall not possess or consume any illegal controlled substances;

14. Defendant shall stay away from all firearms, and is not to possess, carry, transfer, or use any firearms;

Page 4
JUDGMENT - People v. JESSE TAITANO SABLAN (aka JESSE TAITANO BASALISO)
Superior Court of Guam Criminal Case No. CF55-07-CM883-06
Case 1:07-cv-00021 Document 1 Filed 10/03/2007 Page 24 of 35
jblas:X:\Gen. Crime Division\Secretary\JULS-K\2007\JUDGMENTS\SABLAN-Jesse [CF55-07-CM883-06 & CF469-06].wpd

15. Defendant shall forfeit the firearm, the ammunition clip, and the rounds of ammunition confiscated in this case to the Guam Police Department for its use, sale, or destruction;

16. Defendant shall forfeit his firearm identification card to the court and shall not reapply for another one;

17. Defendant shall not live in a residence that has firearms;

18. Defendant shall not apply for, possess, or own a firearm identification card;

19. Defendant shall submit to random alcohol and drug testing under the supervision of the Adult Probation Office;

20. Defendant shall permit the probation officers and law enforcement officers to search his person, residence, and vehicles for firearms, alcoholic beverages and illegal controlled substances at any time such a search is requested. Failure to allow such a search will be considered a violation of probation;

21. Defendant shall turn in his passport and/or other travel documents to the Clerk of Court;

22. Defendant shall not leave Guam without the approval of the court or Adult Probation Office, with prior notice being given to the Office of the Attorney General, Prosecution Division;

23. Defendant shall obey all local and federal laws; and,

24. Defendant shall comply with any other condition imposed by the court or the Adult Probation Office.

D. Failure of the Defendant to follow all of his conditions of probation will result in a hearing to revoke probation at which time the court may impose the maximum sentence allowable under the statute charged as specified in paragraph 2 of the agreement;

E. Should the Defendant complete the above conditions before the expiration of the three (3) years supervised probationary period, the Defendant will be placed on unsupervised probation for the remaining portion of Defendant's probation period;

Page 5
JUDGMENT - People v. JESSE TAITANO SABLAN (aka JESSE TAITANO BASALISO)
Superior Court of Guam Criminal Case No. CF55-07 & CM883-06
jblas\K\Ocn. Crime Division\Secretary\ULS-K\2007\JUDGMENTS\SABLAN-Jesse [CF55-07-CM883-06 & CF469-06].wpd

Case 1:07-cv-...    Filed 10/03/2007    Page 25 of 35

1      F.     Defendant shall report to the Adult Probation Service Office within forty-eight (48)

2              hours of sentencing for intake and processing; and

3      G.     Pursuant to the Plea Agreement, the Court hereby dismisses the remaining

4              charges of **Count Two** of **CRIMINAL MISCHIEF (As a Misdemeanor)**,

5              **RESISTING ARREST (As a Misdemeanor)**, and **PUBLIC DRUNKENNESS (As**

6              **a Petty Misdemeanor)**, as contained in **CM883-06**; and to dismiss Criminal Case

7              No. **CF469-06** in it's entirety.

8      A hearing for ***RESTITUTION*** will be held on the June 5, 2007, at 11:00 a.m.

9      **SO ORDERED,** *NUNC PRO TUNC,* on the 14th day of March, 2007, this _____

10  day of ___APR 3 0 2007___ , 2007.

11

12  [stamp: *I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam*]

13  [stamp: Stamped in Error  APR 3 0 2007]

                                  **HONORABLE ARTHUR R. BARCINAS**

14                                 JUDGE, SUPERIOR COURT OF GUAM

15  Submitted by: Evelyn D. Bonto

                   Deputy Clerk Superior Court of Guam          Approved as to form:

16

17  Edw C. H

      **EDWARD C. HAN**                       **ANA MARIA C. GAYLE, ESQ.**

18  Assistant Attorney General              Attorney for Defendant

19  Dated:  April 17, 2007                   Dated: ___4/19/07___

20

21

22

23  Received for Service                    [stamp: *I do hereby certify that the foregoing is a true and correct copy of the original on file in the office of the Clerk of the Superior Court of Guam*]

24         2P        M

25                                      OCT 0 2 2007

26  Marshal, Superior Court

      Of Guam

27

28

Page 6
JUDGMENT - People v. JESSE TAITANO SABLAN (aka JESSE TAITANO BASALISO)
Superior Court of Guam Criminal Case No. CF55-07 & CM883-06
Jblas:X:\Gen. Crime Division\Secretary\ULS-K\2007\JUDGMENTS\SABLAN-Jesse [CF55-07-CM883-06 & CF469-06].wpd

Case 1:07-cr-00072    Document 17    Filed 10/03/2007    Page 26 of 35



jesussablanind

LEONARDO M. RAPADAS
United States Attorney
ROSETTA L. SAN NICOLAS
Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagåtña, Guam 96910
PHONE: (671) 472-7332
FAX: (671) 472-7334

Attorneys for the United States of America

**FILED**
DISTRICT COURT OF GUAM

AUG 0 8 2007

JEANNE G. QUINATA
Clerk of Court

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF GUAM

UNITED STATES OF AMERICA,

                Plaintiff,

vs.

JESUS TAITANO SABLAN,

                Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

CRIMINAL CASE NO. **07-00072**

### INDICTMENT

**HOBBS ACT ROBBERY**
[18 U.S.C. §§ 1951(a) & 2]
(Count I)
**USING AND CARRYING A FIREARM
DURING A CRIME OF VIOLENCE**
[18 U.S.C. §§ 924(c)(1)(A)(ii) & 2]
(Count II)

THE GRAND JURY CHARGES:

### COUNT I - HOBBS ACT ROBBERY

    1.      At all times material to this Indictment, Besta Market, District of Guam, was engaged in the business of selling retail and commercial items. Besta Market's store operations affected interstate and foreign commerce.

    2.      On or about October 31, 2006, in the District of Guam, JESUS TAITANO SABLAN, the defendant, unlawfully, wilfully and knowingly, committed robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), by unlawfully taking and obtaining personal property and property in the custody and possession of Song Perez, a cashier and employee of Besta Mart, against that person's will, by means of actual and threatened force, and violence, and fear of injury, immediate or future, to that person and that person's property, and

-1-

GOVERNMENT
EXHIBIT
4

1  property in that person's custody and possession, and thereby obstructed, delayed and affected

2  commerce, and the movement of articles and commodities in commerce, as that term is defined

3  in Title 18, United States Code, Section 1951(b)(3), all in violation of Title 18, United States

4  Code, Sections1951(a) and 2.

5

6  **COUNT II - USING AND CARRYING A FIREARM DURING A CRIME OF VIOLENCE**

7       3.     The Grand Jury realleges, adopts, and incorporates by reference herein, the

8  allegations contained in paragraphs 1 and 2 as if fully set forth herein.

9       4 . On or about October 31, 2006,  in the District of Guam, JESUS TAITANO SABLAN,

10  the defendant, unlawfully, knowingly, and wilfully, during and in relation to a crime of violence

11  for which the defendant may be prosecuted in a court of the United States, namely, the Hobbs

12  Act Robbery charged in Count One of this Indictment, used and carried a firearm, and in

13  furtherance of such crimes, possessed such firearm, and brandished such firearm, in violation of

14  Title 18, United States Code, Sections 924(c)(1)(A)(ii) and 2.

15       DATED this _____ day of August, 2007.

16                        A TRUE BILL.

17

18                        DEBBIE LEON GUERRERO
                         Foreperson

19  LEONARDO M. RAPADAS
   United States Attorney
20  Districts of Guam and NMI

21

22  By: _____
   ROSETTA L. SAN NICOLAS
23  Assistant U.S. Attorney

24  Reviewed:

25
   By: _____
26  JEFFREY J. STRAND
   First Assistant U.S. Attorney
27

28                        -2-

**Office of the Attorney General**
Douglas B. Moylan
Attorney General of Guam
**General Crimes Division**
The Justice Building
287 West O'Brien Drive
Hagåtña, Guam 96910 ● USA
(671) 475-3406 ● (671) 477-3390 (Fax)
www.guamattorneygeneral.com ● guamattorneygeneral@hotmail.com

Attorneys for the People of Guam

# IN THE SUPERIOR COURT OF GUAM
# HAGÅTÑA, GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | CRIMINAL CASE NO. CF **CF 0469-06** |
| | GPD REPORT NO. 06-28473 |
| | **CHARGES:** |
| vs. | **ROBBERY** |
| | (As a 2nd Degree Felony) |
| JESSE TAITANO SABLAN | |
| (aka JESSE TAITANO BASALISO), | *Special Allegation* |
| DOB: 02/09/1987 | Possession and Use of a Deadly Weapon |
| Defendant. | Used in the Commission of a Felony |

## MAGISTRATE'S COMPLAINT

The Attorney General of Guam hereby accuses **JESSE TAITANO SABLAN (aka JESSE TAITANO BASALISO)** of certain crimes committed as follows:

On or about the 31st day of October, 2006, in Guam, **JESSE TAITANO SABLAN (aka JESSE TAITANO BASALISO)**, intentionally was armed with what appeared to be a deadly weapon, while in the course of committing theft of two 12-packs of beer, in violation of 9 GCA § 40.20(a)(3) and (b).

GOVERNMENT
EXHIBIT
5

Page 1
MAGISTRATE'S COMPLAINT - JESSE TAITANO SABLAN (aka JESSE TAITANO BASALISO)
Superior Court Criminal Case No. CF

# SPECIAL ALLEGATION

### Possession and Use of a Deadly Weapon in the
### Commission of a Felony

On or about the 31st day of October, 2006, in Guam, **JESSE TAITANO SABLAN (aka JESSE TAITANO BASALISO)**, did knowingly and unlawfully possess a deadly weapon, that is, a .45 caliber Colt handgun, in the commission of a felony, that is, Robbery, in violation of 9 GCA § 80.37.

Dated this 1st day of November, 2006.

OFFICE OF THE ATTORNEY GENERAL
DOUGLAS B. MOYLAN, Attorney General of Guam

**DIANNE H. CORBETT**
Assistant Attorney General, General Crimes Division

**PENDING PRIOR**
in CM883-06 (CrimMischief)

Page 2
MAGISTRATE'S COMPLAINT - JESSE TAITANO SABLAN (aka JESSE TAITANO BASALISO)
Superior Court Criminal Case No. CF                    X:\Gen. Crime Division\Secretary\CLARICE\MAGIS\SABLJT-ROB.wpd

Case 1:07-cr-00072     Document 17     Filed 10/03/2007     Page 30 of 35

## IN THE SUPERIOR COURT OF GUAM
## <u>DECLARATION</u>

COMES NOW DIANNE H. CORBETT, a duly appointed Assistant Attorney General who avers upon information and belief that the following is true.

I have reviewed Guam Police Report number 06-28473 submitted by Police Officer. Roy Lujan, Daniel Anciano, Peter Tydingco, Randy Patague and other officers of the Guam Police Department. That report has revealed the following:

On 10/31/06 at approximately 9:20 p.m., officers responded to a reported Robbery in progress at Besta Market, Barrigada, Guam. Upon arrival they met with Song Perez, employee of Besta Market. Perez told officers that while behind the counter waiting on customers she heard an employee yelling that a male individual, Jacob Joseph, had grabbed two twelve packs of beer and left the store without paying. Joseph went on to say that the male had brandished a handgun which had been tucked into the front of his pants. Joseph observed that the male got into a gray pick-up truck with several more individuals inside and left the area towards the Barrigada Post Office. Although he did not see the license plate number he noted that the truck had a defective tail light. Other witnesses noted that the truck did not have a tailgate.

At approximately 10:55 p.m., officers also responded to a reported Disturbance involving a possible handgun at the Rainbow Apartments, Tamuning, Guam. Investigation led officers to learn that the suspects fled in a vehicle fitting the description of that which was seen at the Besta Market incident. Officers were able to locate the vehicle travelling in the Dungca Village/Jonestown area. They were able to effect a stop near the KFC. When the vehicle was stopped, several males fled the scene after exiting the truck.

One individual was apprehended later identified as Joseph M.C. Babauta. Babauta told Officer Tydingco that he together with friends were "strolling" and "Trick and Treating" in the Dededo area. There were several of them known to him as Jesse, Josh and Edward. Jesse was later identified as JESSE SABLAN aka JESSE TAITANO BASALISO. Babauta said that he knew that SABLAN had a handgun. They stopped at Besta Market

and SABLAN and two others went inside. Babauta thought they had purchased the beer they returned with. After leaving Besta Market they eventually ended up at Rainbow Apartments where SABLAN and two others got out of the truck. Babauta observed SABLAN pointing the handgun towards the second floor of the apartments. They then left the apartments and were stopped by police officers. Although he knew he shouldn't have, Babauta fled on foot and hid until apprehended by officers.

JESSE TAITANO SABLAN aka JESSE BASALISO was located, apprehended and taken into custody where he was advised of his Constitutional Rights which he waived and agreed to make a statement. At first SABLAN told Officer J. San Nicolas that he had been out jogging for his health and that he runs everyday from Dededo to Tamuning and back. He then recanted that statement and admitted that he was the operator of the vehicle being pursued by police and that he did have the gun in his possession. He stated that he owned the gun which he threw out of the vehicle by Sagu Managu during the chase. SABLAN then changed his story and recanted owning the gun and said that he did not want to reveal who owned the gun.

The gun, a .45 Cal. Colt, was recovered at Geo Engineering parking lot, Tamuning.

Based on the foregoing, there is probable cause to charge JESSE TAITANO SABLAN aka JESSE BASALISO with ROBBERY (As a Second Degree Felony) in violation of 9 GCA §40.20(a)(3) and POSSESSION AND USE OF A DEADLY WEAPON USED IN THE COMMISSION OF A FELONY.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 1st day of November, 2006.

DIANNE H. CORBETT
Assistant Attorney General

**Office of the Attorney General**
**Douglas B. Moylan**
Attorney General of Guam
**General Crimes Division**
287 West O'Brien Drive
Hagåtña, Guam 96910 ● USA
(671) 475-3324 ● (671) 477-3390 (Fax)
www.guamattorneygeneral.com ●guamattorneygeneral@hotmail.com

**Attorneys for the People of Guam**

# IN THE SUPERIOR COURT OF GUAM
# HAGÅTÑA, GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, )<br><br>vs. )<br><br>**JESSE TAITANO SABLAN**<br>**(aka JESSE TAITANO BASALISO),**<br>DOB: 02/09/1987 )<br><br>Defendant. )<br> ) | **CRIMINAL CASE NO. CF469-06**<br>GPD REPORT NO. 06-28473<br><br>**CHARGES:**<br><br>**ROBBERY**<br>(As a 2nd Degree Felony)<br><br>_Special Allegation_<br>Possession and Use of a Deadly Weapon<br>Used in the Commission of a Felony |

## INDICTMENT

THE SUPERIOR COURT OF GUAM GRAND JURY HEREBY CHARGES:

On or about the 31st day of October, 2006, in Guam, **JESSE TAITANO SABLAN** (aka

**JESSE TAITANO BASALISO**), intentionally was armed with a deadly weapon, a .45 caliber

handgun, while in the course of committing theft of two 12-packs of beer, at the Besta Market, in

Barrigada, in violation of 9 GCA § 40.20(a)(3) and (b).

## SPECIAL ALLEGATION
_Possession and Use of a Deadly Weapon in the_
_Commission of a Felony_



Page 1
Indictment - JESSE TAITANO SABLAN/ CF469-06

On or about the 31ˢᵗ day of October, 2006, in Guam, **JESSE TAITANO SABLAN (aka JESSE TAITANO BASALISO)**, did knowingly and unlawfully possess a deadly weapon, that is, a .45 caliber Colt handgun, in the commission of a felony, that is, Robbery, in violation of 9 GCA § 80.37

Dated this 9th day of November, 2006.

**OFFICE OF THE ATTORNEY GENERAL**
DOUGLAS B. MOYLAN, Attorney General of Guam

*Charles Kinnunen*

CHARLES J. KINNUNEN
Assistant Attorney General, General Crimes Division

A TRUE BILL

*Sally V. Rojo*

FOREMAN FOR THE GRAND JURY

FILED
SUPERIOR COURT
OF GUAM

APR 2 0 PM 3: 04

CLERK OF COURT
BY:_____



1

2

3

4

5   **Office of the Attorney General**
    **Alicia G. Limtiaco**
6   Attorney General of Guam
    **Prosecution Division**
7   287 West O'Brien Drive
    Hagåtña, Guam 96910 ● USA
8   (671) 475-3406 ● (671) 477-3390 (Fax)
    www.guamattorneygeneral.com ● law@mail.justice.gov.gu
9

10  Attorneys for the People of Guam

# IN THE SUPERIOR COURT OF GUAM
# HAGÅTÑA, GUAM

| THE PEOPLE OF GUAM, | ) | CRIMINAL CASE NO. **CF469-06** |
|---|---|---|
| vs. | ) | |
| **JESSE TAITANO SABLAN,** | ) | **MOTION AND ORDER** |
| aka **JESSE TAITANO BASALISO,** | ) | **TO DISMISS** |
| DOB: 02-09-1987 | ) | |
| Defendant. | ) | |

Comes now the People by and through Assistant Attorney General, **DIANNE H. CORBETT,** and respectfully moves this Honorable Court, pursuant to section 80.70(a) of the Criminal Procedure Code of Guam, to dismiss without prejudice the above-captioned case filed November 1, 2006, for reasons that the Attorney General of Guam will be filing an Information and the parties have entered into a tentative plea agreement.

Dated this February 2, 2007.

I do hereby certify that the foregoing
is a true and correct copy of the
original on file in the office of the
Clerk of Superior Court of Guam
Dated at Hagåtña

APR 2 0 2007

Alfred A.
Deputy Clerk, Superior Court of Guam

**OFFICE OF THE ATTORNEY GENERAL**
ALICIA G. LIMTIACO, Attorney General of Guam

*Dianne Corbett*

**DIANNE H. CORBETT**
Assistant Attorney General, Prosecution Division

**ORDER**

The motion of the People to dismiss without prejudice the above-captioned case is granted:

Dated: **APR 19 2007**

**Original Signed By:**
**HON. ARTHUR R. BARCINAS**

**HONORABLE ARTHUR R. BARCINAS**
JUDGE, SUPERIOR COURT OF GUAM

GOVERNMENT
EXHIBIT
7