IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO. 07-00072 |
| Plaintiff, | ) | |
| | ) | **ORDER RE: MOTION TO DISMISS** |
| vs. | ) | |
| JESUS TAITANO SABLAN, | ) | |
| Defendant. | ) | |

On November 13, 2007, the Defendant's Motion to Dismiss came before this court. (*See* Docket No. 16). After hearing argument and reviewing applicable case law concerning the issue, the court hereby **DENIES** the motion. The court herein memorializes the bases for its decision.

## BACKGROUND

The Superior Court of Guam filed a complaint against the Defendant, Jesus Taitano Sablan, on February 2, 2007, for Possession of a Firearm Without an Identification Card (felony), Terrorizing (third degree felony), and Theft (petty misdemeanor). These charges arose from the robbery of Besta Mart on October 31, 2006 (Theft), and an incident at the Rainbow Apartment complex on October 31, 2006 (Terrorizing and Possession of a Firearm Without an Identification Card). Pursuant to a plea agreement, the Defendant pled guilty in Superior Court on all three

1

charges on March 14, 2007. He was sentenced the same day to nine months imprisonment. A final judgment was issued in the case on April 30, 2007.

On August 8, 2007, Defendant Jesus Taitano Sablan was indicted in the District Court of Guam for one count of Hobbs Act Robbery and one count of Using and Carrying a Firearm During a Crime of Violence. (*See* Docket No. 1) The indictment arose from the robbery of Besta Mart on October 31, 2006. On September 25, 2007, the Defense filed a Motion to Dismiss the Indictment, based on the doctrine of collateral estoppel.

## **DISCUSSION**

The Defendant moved to dismiss the indictment in this case. The Defendant claimed that to proceed with the prosecution would be a violation of the doctrine of collateral estoppel and of the Double Jeopardy Clause of the Fifth Amendment to the Constitution of the United States. Specifically, the Defendant argued that the Government is prohibited from re-litigating facts that were previously determined by the final and valid judgment in the Superior Court case.

The Supreme Court defined the term 'collateral estoppel' in the case of *Ashe v. Swenson*. 397 U.S. 436 (1970). It held that collateral estoppel "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the parties in any future lawsuit." *Ashe* at 443. In light of the Supreme Court's opinion, the Ninth Circuit established its own three part test for determining whether collateral estoppel applies. The Ninth Circuit held in *Romeo* that in order to determine whether collateral estoppel applies, the court must make:

> (1) an identification of the issues in the two actions for the purpose of determining whether the issues are sufficiently similar and sufficiently material in both actions to justify invoking the doctrine;

2

(2) an examination of the record of the prior case to decide whether the issue was 'litigated' in the first case; and
(3) an examination of the record of the prior proceeding to ascertain whether the issue was necessarily decided in the first case. *United States v. Romeo* 114 F.3d 141, 143 (9th Cir. 1997); citing *United States v. Hernandez,* 572 F.2d 218, 220 (9th Cir. 1978).

Finally, when considering a collateral estoppel issue, the reviewing court must take into account the Supreme Court case of *Blockburger v. United States*, which held that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied is whether each provision requires proof of an additional fact which the other does not. 284 U.S. 299, 304 (1932).[1]

Here, the Defendant has not met the first prong of the *Romeo* test, and has also failed the *Blockburger* test. The only possible relevant Superior Court charge, is the charge of Theft. The charge of both Terrorizing and Possession of a Firearm Without an Identification Card, did not occur during the Besta Mart incident, but during an incident at the Rainbow Apartment complex later that night. (*See* Declaration of Dianne H. Corbett, Docket No. 17). The Possession of a Firearm Without an Identification Card charge arose out of a disturbance reported at the Rainbow Apartment on October 31, 2006. *Id*. The Terrorizing charge also arose out of the disturbance reported at the Rainbow apartment. The only charge relating to the robbery at the Besta Mart was the Theft charge. *Id*. The federal charges of Hobbs Act Robbery and Using and Carrying a Firearm During a Crime

---

[1] At the hearing, the Defendant argued that *Blockburger* was not relevant to the case at bar. He cited no caselaw to support his position, which is in fact, incorrect. *Blockburger* applies whenever there is a question of whether the same act or transaction constitutes a violation of two distinct statutory provisions. *Blockburger* at 304.

3

of Violence both arose out of the robbery of the Besta Mart. (*See* Docket No. 1 at 1-2). Therefore, the Possession of a Firearm Without and Identification Card and the Terrorizing charge cannot be considered under collateral estoppel because they did not arise out of the same transaction or occurrence. Only the two federal charges and the Theft charge may be considered by the court when determining whether collateral estoppel applies. Since the Terrorizing and Possession of a Firearm Without an Identification Card charges did not occur at the same time as the incident out of which the federal charges arose, they cannot be considered under collateral estoppel.

The Superior Court charge of Theft and the two federal charges of Hobbs Act Robbery or Using and Carrying a Firearm During a Crime of Violence are not "sufficiently similar" to satisfy the first prong of the *Romeo* Test. A review of the charges demonstrates that they also fail the *Blockburger* test because each charge requires elements to be proven that the other charge does not require. While the charges are similar, they are not "sufficiently similar" under the *Romeo* or *Blockburger* tests.

Theft, as defined in 9 G.C.A. §43.30(a), occurs where the defendant "unlawfully took, obtained, or exercised unlawful control over the movable property of another with the intent to deprive him thereof." In contrast, Hobbs Act Robbery is defined as "whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or anything in violation of this section...." 18 U.S.C. § 1951(a). Furthermore, the charge of Using and Carrying a Firearm During a Crime of Violence requires that the defendant "during and in relation to any crime of violence or drug trafficking crime for which the person may be prosecuted for in a court of the United States, uses or carries a firearm, or who, in furtherance of

4

any such crime, possesses a firearm....." 18 U.S.C. § 954(c)(1)(A)(ii) and (2).

In order to prove the crimes of Hobbs Act Robbery and Using and Carrying a Firearm During a Crime of Violence, the attorney must present substantially different evidence from the crime of Theft, in order to prove the case. The doctrine of collateral estoppel requires more than that the charges arise out of the same transaction, it requires that the underlying facts and evidence be materially distinct from the previous litigation. It is clear to the court that each of these crimes require elements that the other crimes do not, and are thus not barred from litigation under the *Romeo* or *Blockburger* tests.

Additionally, the Defendant fails the second prong of the *Romeo* test because the issue of Robbery With a Deadly Weapon was never litigated in Superior Court. Although the Defendant was indicted for Robbery (second degree felony) and Special Allegation Possession and Use of a Deadly Weapon in the Commission of a Felony, the charges were dismissed without prejudice on April 20, 2007 by the Hon. Arthur R. Barcinas. (*See* Docket No. 17 at 35). The only issues actually litigated involved the three charges of Theft, Terrorizing, and Possession of a Firearm Without an Identification Card.

Finally, the Defendant does not satisfy the third prong of the *Romeo* test-that the issue was "necessarily decided" in the first case. Although the issues of Theft, Terrorizing, and Possession of a Firearm without an Identification Card were necessarily decided through the Defendant's plea agreement, the issue of Hobbs Act Robbery and Using and Carrying a Firearm During a Crime of Violence-and all of their accompanying elements, were not decided. In its Opposition Memorandum, the Government suggests that the fact that the Robbery counts filed against the Defendant were dismissed are "a strong indication that the matter was not 'necessarily decided' at

5

all." (*See* Docket No. 17 at 8).

Because the case does not satisfy the *Romeo* or the *Blockburger* tests, the Government is not collaterally estopped from bring the current charges against the Defendant.

## **CONCLUSION**

Based upon the foregoing, the court hereby **DENIES** the Defendant's Motion to Dismiss. Counsel shall appear in court on Thursday, January 17, 2008 at 1:30 p.m. for a status hearing to discuss the scheduling of this matter for trial.

**SO ORDERED.**



/s/ Frances M. Tydingco-Gatewood
   **Chief Judge**
**Dated: Jan 14, 2008**