JOHN T. GORMAN
Federal Public Defender
District of Guam

RICHARD P. ARENS
Assistant Federal Public Defender
First Hawaiian Bank Building
400 Route 8, Suite 501
Mongmong, Guam 96910
Telephone:   (671) 472-7111
Facsimile:   (671) 472-7120

Attorney for Defendant
JESUS TAITANO SABLAN

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| UNITED STATES OF AMERICA, | ) | CR-07-00072 |
|---|---|---|
| Plaintiff, | ) | MOTION FOR STAY PENDING APPEAL |
| vs. | ) | |
| JESUS TAITANO SABLAN, | ) | |
| Defendant. | ) | |

COMES NOW the defendant, JESUS TAITANO SABLAN, through counsel, Richard P. Arens, Assistant Federal Public Defender, and requests a stay of trial pending interlocutory appeal of the district court's denial of his motion to dismiss indictment based on the Double Jeopardy Clause of the Fifth Amendment and the doctrine of collateral estoppel. Sablan asserts that the issue raised on appeal is colorable as it is a case of first impression on Guam and is of utmost constitutional significance to the community. This motion is brought pursuant to 28 U.S.C. §1291 and the attached memorandum.

**MEMORANDUM OF LAW**

**I. Statement of the Case.**

On February 2, 2007, a complaint was filed in Guam's Territorial Superior Court charging Sablan with Possession of a Firearm Without an Identification Card (as a felony), Terrorizing (as a third degree felony) and Theft (as a petty misdemeanor). The firearm charge involved Sablan's Possession of a Firearm Without a Identification Card on October 31, 2006. The theft charge related to an unlawful taking of two twelve packs of beer from the Besta Mart, Barrigada, also on October 31, 2006. According to the complaint, the theft also occurred on October 31, 2006.

On March 14, 2007, Sablan pled guilty in Guam's Territorial Superior Court to all three charges. The plea agreement acknowledged that Sablan and the government intended that the plea agreement would be a final sentence and a total and conclusive resolution of the charges described within the plea agreement. Sablan was sentenced on March 14, 2007, to 9 months imprisonment as a condition of probation. On April 30, 2007, a final judgment was filed in the Guam's Territorial Superior Court.

On August 8, 2007, an Indictment was filed in the District Court of Guam charging Sablan with Hobbs Act Robbery and Using and Carrying a Firearm During a Crime of Violence. These charges stemmed from an alleged theft of beer at Besta Mart on October 31, 2006, and were based on the same conduct which resulted in the Territorial Court conviction. On September 25, 2007, Sablan filed a Motion to Dismiss the Indictment on the basis of double jeopardy and collateral estoppel. Sablan argued that since the Territory of Guam and the federal government are a single

2

sovereign, a successive prosecution would be impermissible based on the doctrine of collateral estoppel.

On January 14, 2008, the district court denied the motion. In the order denying Sablan's Motion to Dismiss, the court held that when considering a collateral estoppel issue, the reviewing court must take into account the Supreme Court case of Blockburger v. United States, 284 U.S. 299 (1932). Sablan respectfully asserts the court erred in its legal analysis for two reasons. First, the court's ruling did not address the issue of whether Guam and the federal government are a single sovereign. Absent this determination, the court could not rule on the applicability of collateral estoppel to this case. Second, Sablan contends that the Blockburger test is not relevant to the analysis in this case. Collateral estoppel serves to prevent the "same parties" from litigating an ultimate issue which has already been resolved. Unlike a state, the unincorporated Territory of Guam is an instrumentality of the federal government and has no sovereign status. Ngiraingas v. Sanchez, 858 F.2d 1368 (9th Cir. 1988). As a single sovereign, Guam and the federal government are the same parties.

Sablan has filed an interlocutory notice of appeal based on the denial of his motion and requests a stay pending resolution of the issues above.

**II. The Law.**

An order denying a pretrial motion to dismiss an indictment on double jeopardy grounds is appealable as a "final" decision under 28 U.S.C. §1291. United States v. Powell, 632 F.2d 754 (9th Cir. 1980), citing, Abney v. United States, 431 U.S. 651 (1977). The United States Supreme Court has recognized the application of collateral estoppel to criminal cases as an

embodiment of the Fifth Amendment Double Jeopardy Clause. Ashe v. Swenson, 397 U.S. 436 (1970). As such, the denial of a Motion to Dismiss based on collateral estoppel may be appealed pretrial. United States v. Castillo-Basa, 483 F.3d 890 (9th Cir 2006).

The applicable rule in Blockburger is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not. 284 U.S. at 304. Sablan respectfully submits that the district court erred by applying the Blockburger test to the facts of this case.

In Ashe v. Swenson, 397 U.S. 436, (1970), the Supreme Court noted the difference between the Blockburger analysis and a collateral estoppel analysis. In that case, the Court recognized that based on a strict application of Blockburger, the robbery of one victim would be considered a distinct offense from the robbery of another committed during the same offense. Thus, a successive prosecution for robbery of the other victim would be appropriate under a Blockburger analysis.

Nevertheless, the Court in Ashe held that where a defendant was acquitted for the robbery of one victim, a successive trial based on the robbery of another was barred by collateral estoppel. The Court explained that "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." (Emphasis added). Sablan asserts that since the unincorporated Territory of Guam and the federal government are a single sovereign, they are the "same parties." As such, the federal government is barred from re-litigating issues of ultimate fact already determined by valid and final

4

judgment in the Territorial Superior Court of Guam.

### III. Conclusion.

The denial of a Motion to Dismiss based on the doctrine of collateral estoppel is a final order, and is appealable under 28 U.S.C. § 1291. Sablan is appealing the district court's order denying the motion, and respectfully requests a stay of the pending jury trial.

DATED: Mongmong, Guam, January 18, 2008.

/s/ RICHARD P. ARENS



Attorney for Defendant
JESUS TAITANO SABLAN

5

# CERTIFICATE OF SERVICE

I, RICHARD P. ARENS, hereby certify that a true and exact copy of the foregoing document was filed with U.S. District Court and electronically served by the U.S. District Court Clerk's Office to the following on January 18, 2008:

>ROSETTA SAN NICOLAS
>Assistant United States Attorney
>Sirena Plaza
>108 Hernan Cortez, Ste. 500
>Hagatna, Guam   96910
>
>Attorney for Plaintiff
>UNITED STATES OF AMERICA

DATED: Mongmong, Guam, January 18, 2008.

/s/ RICHARD P. ARENS



Attorney for Defendant
JESUS TAITANO SABLAN