
☐ORIGINAL

1  LEONARDO M. RAPADAS
   United States Attorney
2  ROSETTA L. SAN NICOLAS
3  Assistant U.S. Attorney
   Suite 500 Sirena Plaza
4  238 Archbishop Flores Street
   Agana, Guam 96910
5  PHONE: 472-7332
6  FAX: 472-7334

**FILED**
DISTRICT COURT OF GUAM

JAN 2 5 2008  nbɑ

**JEANNE G. QUINATA**
**Clerk of Court**

7  Attorneys for the United States of America

8              IN THE UNITED STATES DISTRICT COURT

9                  FOR THE TERRITORY OF GUAM

10  UNITED STATES OF AMERICA,        ) CRIMINAL CASE NO. 07-00072
                                     )
11              Plaintiff,           )
                                     )
12          vs.                      )  GOVERNMENT'S RESPONSE TO
                                     )  DEFENDANT'S INTERLOCUTORY
13                                   )  NOTICE OF APPEAL
                                     )
14                                   )
                                     )
15  JESUS TAITANO SABLAN,            )
                                     )
16              Defendant.           )
17  _____)

18       As a general rule, denials of pretrial motions are not considered final and are, therefore,

19  not appealable. United States v. Garner, 632 F.2d 758, 760 (9th Cir. 1980), cert. denied, 450 U.S.

20  923 (1981). An exception to this general rule has been recognized in the case of a denial of a

21  pretrial motion to dismiss based on a claim of double jeopardy. Abney v. United States, 431 U.S.

22  6511, 659 (1977). Under Abney, the district court's order denying a motion to dismiss the

23  indictment on double jeopardy grounds is appealable as a final order under 28 U.S.C. §1291

24  (1982). The bar to a second prosecution based on collateral estoppel is a principle "embodied in

25  the Fifth Amendment guarantee against double jeopardy." Ashe v. Swenson, 397 U.S. 436, 445

26  (1970). Thus, an order denying a motion to bar retrial based on collateral estoppel - being a

27  double jeopardy determination - is also appealable under the rationale of Abney. See United

28

1   States v. Stearns, 707 F.2d 391, 394 (9th Cir. 1983), affirming 546 F.Supp. 805 (D. Hawaii 1982),

2   cert. denied, 464 U.S. 1047 (1984). The court does not have ancillary jurisdiction to review

3   otherwise nonappealable questions that are raised simultaneously with the double jeopardy claim.

4   United States v. Sisk, 629 F.2d 1174, 1181 (6th Cir. 1980), cert. denied, 449 US. 1084 (1981).

5   To hold otherwise would encourage frivolous double jeopardy claims in circumvention of the

6   finality requirement of section 1291. Abney, 431 U.S. at 662-63.

7   It appears based on the holdings of Abney v. United States, 431 U.S. 651 (1977) as well

8   as 28 United States Code §1291, the Court of Appeals has jurisdiction to hear an interlocutory

9   appeal, confined to the issue of collateral estoppel or double jeopardy, and this matter be stayed.

10   RESPECTFULLY SUBMITTED this 24 day of January, 2008.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and CNMI

By:

ROSETTA L. SAN NICOLAS
Assistant U.S. Attorney